Richard J. Daley, Mayor and Local Liquor Control Commissioner of the City of Chicago, Plaintiff-Appellee, *v.* Maurice Resnick, Defendant-Appellant.

(No. 55811; 

First District—April 28, 1972.

*Rehearing denied June 1, 1972.*

Samuel L. Bullas, Wiliam E. Siegel, and Jesse H. Brown, all of Chicago, for appellant.

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan and Harvey N. Levin, Assistants Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

The Liquor Control Commissioner revoked defendant's liquor license after finding that an agent of defendant-licensee had solicited on the premises for purposes of prostitution. The License Appeal Commission, however, found that the charge was not supported by substantial evidence, and reversed the revocation. On appeal to the Circuit Court, the order of the License Appeal Commission was in turn set aside, and the revocation order of the Liquor Control Commission was reinstated. Defendant now appeals from the order of the Circuit Court.

At the hearing before the Local Liquor Control Commissioner, the only witness called on behalf of the Commissioner was Police Officer Ronald Stankowicz who testified as follows: On May 26, 1970, while assigned to investigate prostitution activity, he entered defendant's lounge at about 4:00 P.M. He had a few drinks, played shuffleboard, and conversed at the bar with the other patrons of which there were about 12. Sometime later, a certain female bar maid came on duty, and he started a conversation with her by joking and making comments to the patrons regarding sex and sexual activity. He stated to a nearby customer, loud enough for her to hear, that he wouldn't mind at least going to bed with the bar maid. He testified that the bar maid then called him down to the opposite end of the bar, threw her arms around his neck, and kissed him on the cheek. When he asked for her telephone number, she said, "I usually get paid for what I do." The officer replied, "I am not hard to get along with. How's two and a half days in wages?" She gave the officer her telephone number, and he testified that "then we made an agreement for an act of prostitution" at a later date for $50. He made no arrest at that time, but merely finished his drink and left the premises. It was then 9:00 P.M. He met the girl at a motel two days later and arrested her for prostitution. Her case was brought to court, she pleaded not guilty, and she was never found guilty of the charge.

Defendant testified that he had been the licensee of the premises involved for 14 months, but had held a tavern liquor license for 30 years. As of the date in question, the bar maid had been in his employ for two days.

It is, in effect, conceded by both sides that defendant did not hear and had no knowledge of the conversation testified to by the officer. We are also aware, however, that acts of a licensee's agent in violation of law are attributable to him. Ill. Rev. Stat. 1969, ch. 43, par. 185.

In the proceeding commenced by the Local Liquor Control Commissioner for the purpose of revoking defendant's retail liquor license, the entire charge was contained in the following language:

"On May 26, 1970, Marilyn Rowland, agent of the licensee, solicited

a police officer on the subject premises for purposes of prostitution contrary to the ordinances of the City of Chicago, Statutes of the State of Illinois and Rules of the Illinois Liquor Control Commission."

■■ The record as filed in this court indicates nothing as to what particular statute, ordinance, or Commission Rule the licensee was charged with having violated. We are aware that the holding of a liquor license is a privilege and not a right. Still, within the bounds of that privilege, it would seem that he should be advised with specific citation of any statutory violation which could have such serious economic consequences to him as the loss of his license. However, in this court at oral argument, and by way of a supplement to appellee's brief, we have been advised that the ground relied on for revocation is violation of the statute prohibiting "solicitation for prostitution." This seems a consistent position for plaintiff to take, since here, as in the ogirinal charge, the key word appears to be "solicitation." We therefore deem it reasonable to rely on this proposition, so we shall examine the record in its relation to the only statute of which we are aware relating to prostitution which uses any form of the verb "solicit." * That statute is Ill. Rev. Stat. 1969, ch. 38, par. 11—15 which provides:

*Soliciting for a Prostitute.* (a) Any person who performs any of the following acts commits soliciting for a prostitute:

(1) Solicits another for the purpose of prostitution; or

(2) Arranges or offers to arrange a meeting of persons for the purpose of prostitution; or

(3) Directs another to a place knowing such direction is for the purpose of prostitution.

■■ It seems perfectly clear to us that the soliciting prohibited by this statute necessarily excludes solicitation by the prostitute herself, and covers only the "runner" or "middle-man." We can conceive of no other construction of the words, "soliciting for a prostitute," and the Committee Comments to the statute bear out this interpretation. See S.H.A. ch. 38, § 11—15.

The general definition of "solicit" in the Criminal Code is also consistent with this conclusion. It reads:

"Solicit" or "solicitation" means to command, authorize, urge, incite, request, or advise *another to commit an offense.*" (Emphasis supplied.) Ill. Rev. Stat. 1969, ch. 38, par. 2—20.

See further the statutory definition of the inchoate offense of solicitation:

---

* Section 163 of the former Criminal Code, Ill. Rev. Stat. 1961, ch. 38, which was repealed in 1962, made it a crime to "solicit to prostitution in any street, alley, park or other place in any city, village, or incorporated town in this State, * * *."

"A person commits solicitation when, with intent that an offense be committed, he commands, encourages or requests *another to commit that offense.*" (Emphasis supplied.) Ill. Rev. Stat. 1969, ch. 38, par. 8—1(a).

■■ Perhaps when this proceeding was commenced, and the shotgun-type charge was filed citing no specific statutes, ordinances or rules, someone may have had in mind some other statute to which the evidence adduced might have been more appropriate. Be that as it may, we conclude that the record does not furnish proof of the crime of "Soliciting for a Prostitute," and the order of the Circuit Court must therefore be reversed.

Order reversed.

LORENZ, P. J., and DRUCKER, J., concur.