THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WALTER G. BLAIR, Defendant-Appellant.

First District (1st Division)   No. 82—1404

Opinion filed May 2, 1983.

James J. Doherty, Public Defender, of Chicago (James H. Reddy, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Marie Quinlivan, and Thomas Wood Flynn, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

Following a bench trial the defendant, Walter G. Blair, was convicted of soliciting for a prostitute (Ill. Rev. Stat. 1981, ch. 38, par. 11—15(a)(1)), and sentenced to pay a fine of $80 and $10 in costs. He appeals contending that he was not proved guilty beyond a reasonable doubt.

The defendant was arrested in the 600 block of South Cicero in Chicago, on November 14, 1981, at approximately 12:45 a.m. Police Officer Diane Trible testified she was assigned to Operation Angel in the above area. The defendant pulled over to the curb and called her to his car and "I believe offered me $15 for a French," which she said is a term of oral copulation. She admitted that she did not remember the exact conversation, but said the defendant asked something like, "Do you want a date." He asked her if she knew what a "French" was, and she responded, "Oh, yeah." She then signaled her partners, who placed the defendant under arrest.

The defendant testified that he was in his car with his auto mechanic and they were going in an easterly direction. He noticed Officer Trible standing at the intersection of Fifth and Cicero avenues. After passing her, they came to an alley, and he told the mechanic to turn into it so they could back out and drive in a westerly direction. As they backed out of the alley, he saw a police squad car. When he returned to Officer Trible at the intersection, he told the mechanic to stop. He told the officer that if she was looking for a "date," she should find another place because of the police. He was then arrested. He denied knowing what the term "French" means, and denied offering to pay the officer for a sex act.

The defendant contends that the State failed to prove beyond a reasonable doubt that he committed the offense of soliciting for a prostitute. He maintains that the statute does not proscribe soliciting a prostitute, but soliciting for a prostitute which he says constitutes conduct by third parties that aids and abets the transaction between the prostitute and patron.

Section 11—15(a)(1) of the Criminal Code of 1961 provides:

"Any person who performs any of the following acts commits soliciting for a prostitute:

(1) Solicits another for the purpose of prostitution; ***."

(Ill. Rev. Stat. 1981, ch. 38, par. 11—15(a)(1).)

In *People v. Rice* (1943), 383 Ill. 584, 50 N.E.2d 711, our supreme court said:

"The definitions of 'solicit' and 'prostitution' are so well and universally understood as to require no further definition in the statute or charge to set forth the elements necessary to constitute the offense intended to be punished." 383 Ill. 584, 588.

In the instant case the defendant cannot assert that the statue does not proscribe soliciting a prostitute. The language of the statute creating the offense may be easily understood, and it does not preclude soliciting prostitution. The defendant relies upon the Committee Comments set forth in the Smith-Hurd Illinois Annotated Statutes, which state:

"Subsection (a)(1) proscribes simply 'soliciting'. This subsection envisions one who actively seeks out customers for the prostitute, those who initiate the suggestion to the prospective patron." (Ill. Ann. Stat., ch. 38, par. 11—15, Committee Comments, at 341 (Smith-Hurd 1979).)

However, the language of the statute is not to be so narrowly drawn. Courts should look to the object of the statute and the evils sought to be remedied. (*People v. Gibson* (1981), 99 Ill. App. 3d 616, 425 N.E.2d

1197.) The defendant's analysis overlooks the important element of the offense of soliciting for a prostitute; namely, the public nuisance aspect of open solicitation which the legislature sought to limit.

When a statute uses words which have a well-known legal meaning, courts will assume that is the meaning intended by the legislature. (*Department of Public Works & Buildings v. Wishnevsky* (1972), 51 Ill. 2d 550, 283 N.E.2d 872.) If the words of the statute are clear and unambiguous, there should be no resort to extrinsic aids such as legislative history. (*Rushton v. O'Malley* (1980), 89 Ill. App. 3d 103, 411 N.E.2d 528.) The phrase "solicits another for the purpose of prostitution" has a broader meaning than to solicit another on behalf of a prostitute as the defendant contends. It also means to appeal to or entice another for an act of prostitution. Here, we believe that the trial court correctly held that the statute applies to the facts of this case.

For the reasons set forth above, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

GOLDBERG and CAMPBELL, JJ., concur.