THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TOMMY HOLLOWAY, Defendant-Appellant.

First District (4th Division)   No. 84—2895

Opinion filed May 8, 1986.

JIGANTI, J., dissenting.

James J. Doherty, Public Defender, of Chicago (Georgeen M. Carson, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Mary Ellen Dienes, and John M. Lagattuta, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McMORROW delivered the opinion of the court:
Defendant, Tommy Holloway, was charged with the offense of soliciting for a prostitute. (Ill. Rev. Stat. 1983, ch. 38, par. 11—15(a).) Following a bench trial, he was found guilty as charged and sentenced to one year's conditional discharge. On appeal, he raises three issues for our review: (1) whether the prosecution established his guilt beyond a reasonable doubt; (2) whether section 11—15(a) of the Criminal Code of 1961 proscribes a patron's solicitation of a prostitute; and (3) whether section 11—15(a) is unconstitutional as applied because it punishes the offense of soliciting for a prostitute more severely than that of patronizing a prostitute. (Ill. Rev. Stat. 1983, ch. 38, par. 11—18.) Because we conclude that section 11—15(a) does not encompass a patron's solicitation of a prostitute, we need not address the remaining issues raised by defendant. Accordingly, we reverse defendant's conviction.

BACKGROUND
The evidence adduced at trial reveals that on June 16, 1984, at approximately 9:45 p.m., two female Chicago police officers, assigned to "Operation Angel" in the city of Chicago, were dressed to resemble prostitutes and stood on a corner on the south side of the city. Defendant and three other individuals were in a car, which stopped across the street from where the two officers were standing. Defendant and a male companion exited the vehicle and approached the officers. The testimony was conflicting as to the conversation which ensued. According to one of the officers, defendant offered her $10 in exchange for sex and offered her a ride in his vehicle. A male officer then appeared and placed defendant and his companion under arrest. According to the defendant, the car in which he was a passenger stopped when the officers called to the occupants of the car. He and his friend left the car in which he was riding and approached the officers. Defendant testified that one of the officers asked him what he wanted for $10, but he declined this offer and he began to walk away when he was placed under arrest. Defendant's companion and another occupant of the vehicle testified on behalf of the defendant. Their tes-

timony substantially corroborated that of defendant. After hearing the aforementioned evidence, the trial court found defendant guilty of soliciting for a prostitute and sentenced him to one year's conditional discharge.

OPINION

Section 11—15 of the Criminal Code of 1961 provides in relevant part:

"Soliciting for a Prostitute
   (a) Any person who performs any of the following acts commits soliciting for a prostitute:
       (1) Solicits another for the purpose of prostitution; or
       (2) Arranges or offers to arrange a meeting of persons for the purpose of prostitution; or
       (3) Directs another to a place knowing such direction is for the purpose of prostitution." Ill. Rev. Stat. 1983, ch. 38, par. 11—15.

■ Initially, we must address the State's contention that defendant has waived the issue of whether an alleged patron's solicitation of a prostitute is an offense punishable by section 11—15(a) because of defendant's failure to present this issue to the trial court. In our opinion, defendant's argument challenges the subject matter jurisdiction of the circuit court to punish his conduct as an offense defined in section 11—15(a) and may properly be considered by this court. The Illinois Supreme Court has held that "[t]here can be no doubt that jurisdiction is lacking where the circumstances alleged do not constitute the offense charged as it is defined in the statute and nothing short of alleging entirely different facts could cure the defect. *** A conviction entered in such a case exceeds the statutory and constitutional authority which determine the subject matter jurisdiction of a court in a criminal case." (*People v. McCarty* (1983), 94 Ill. 2d 28, 38, 445 N.E.2d 298, 304.) Defendant contends that an individual's solicitation of a prostitute does not constitute the offense of solicitation for a prostitute as defined in section 11—15(a). Since the defendant challenges the statutory authority for his conviction, his argument is not waived by his failure to object in the trial court.

We are thus required to interpret the scope of culpable conduct punishable by section 11—15. The State contends that the language of subsection (a)(1), proscribing "solicit[ing] another for the purpose of prostitution" is clear and unambiguous on its face, thus making it unnecessary to resort to the Act's legislative history, and that an interpretation which restricts the meaning of subsection (a)(1) only to per-

sons who solicit on behalf of a prostitute would render that subsection superfluous in view of the language contained in subsections (a)(2) and (a)(3). The State thus reasons that defendant violated subsection (a)(1) by requesting the officer for sexual favors in exchange for money. We disagree.

The fundamental rule of statutory construction is to ascertain and then give effect to the intent of the legislature. (*In re Application of Rosewell* (1983), 97 Ill. 2d 434, 440, 454 N.E.2d 997, 999.) When the language of a statute is clear, courts will give effect to the legislation without resort to extrinsic means of statutory interpretation. (*Chicago National League Ball Club, Inc. v. Thompson* (1985), 108 Ill. 2d 357, 366, 483 N.E.2d 1245, 1249.) "But where the language is susceptible of differing interpretations, to ascertain the legislative intent it may be necessary to look beyond the express words and consider the purpose to be served by the statute." (*City of Chicago v. Strauss* (1984), 128 Ill. App. 3d 193, 194, 470 N.E.2d 563, 564.) Moreover, criminal statutes are to be strictly construed in favor of the accused. *People v. Christensen* (1984), 102 Ill. 2d 321, 328, 465 N.E.2d 93, 96.

In *Daley v. Resnick* (1972), 5 Ill. App. 3d 683, 284 N.E.2d 39, the court was presented with the question of whether section 11—15 should be interpreted to proscribe solicitation by the prostitute herself. In rejecting such a construction, the court held:

"It seems perfectly clear to us that the soliciting prohibited by this statute necessarily excludes solicitation by the prostitute herself and covers only the 'runner' or 'middle-man.' We can conceive of no other construction of the words, 'soliciting for a prostitute,' and the Committee Comments to the statute bear out this interpretation." (5 Ill. App. 3d 683, 685, 284 N.E.2d 39, 41.)

Subsequently, in *People v. Blair* (1983), 114 Ill. App. 3d 655, 449 N.E.2d 172, the court held that section 11—15(a) encompassed a patron's solicitation of a prostitute. Without reference to the *Resnick* decision, the *Blair* court reasoned that the language of subsection (a)(1) was clear and unambiguous and sufficiently broad to proscribe soliciting a prostitute. The *Blair* court stated that the defendant's reliance upon the committee comments to subsection (a)(1) that "[t]his subsection envisions one who actively seeks out customers for the prostitute ***" (Ill. Ann. Stat. ch. 38, par. 11—15, Committee Comments, at 341) (Smith-Hurd 1979) overlooked the legislature's intent to limit the public nuisance aspect of open solicitation. Thus, the court held that "[t]he phrase 'solicits another for the purpose of prostitu-

tion' has a broader meaning than to solicit another on behalf of a prostitute ***. It also means to appeal to or entice another for the act of prostitution." 114 Ill. App. 3d 655, 657, 449 N.E.2d 172, 173.

■ Our disagreement with the State's position, and our disagreement with the holding of the *Blair* court, is that both focus on the language of subsection (a)(1). The statute should be read as a whole and all its relevant parts should be considered to determine the intent of the legislature. (*People v. Jordan* (1984), 103 Ill. 2d 192, 206, 469 N.E.2d 569, 576.) The phrase "[s]olicits another for the purpose of prostitution" does not, in and of itself, resolve the issue of the class of individuals whose conduct this statute was designed to punish. The language preceding this subsection establishes that the legislation is aimed at any person who engaged in "soliciting *for* a prostitute." When given its commonly accepted definition, this phrase means that the legislature defined the offense as soliciting "for" or "[i]n behalf of" a prostitute. (Black's Law Dictionary 579 (5th ed. 1979); Webster's Third New International Dictionary 886 (1981).) The clear import of section 11—15 is that the scope of the offense is restricted to those persons who establish the contact between the prostitute and a prospective customer. See *Daley v. Resnick* (1972), 5 Ill. App. 3d 683, 685, 284 N.E.2d 39, 41.

Our interpretation of section 11—15 finds further support in the committee comments to this statute. There, the committee noted the desire to address the overall business operation of prostitution through punishing the individual who facilitates the prostitution transaction by arranging meetings between the prostitute and her patron:

> "The modern day practice of prostitution relies heavily upon mobility and an informal intelligence service to establish contacts between prostitute and patron. The middleman who has only a casual connection with the trade is nevertheless essential to its successful operation in many quarters. Thus, effective control of prostitution requires concern beyond the traditional public nuisance concept of the common law to deter passive cooperation by persons who have, perhaps only an indirect connection with the trade." Ill. Ann. Stat. ch. 38, par. 11—15, Committee Comments, at 342 (Smith-Hurd 1979).

In order to accomplish this end, the committee recommended prohibition of all activities of those individuals "essential" to establishing contacts for a prostitute. In doing so, however, the committee distinguished between the acts of the person seeking customers for a prostitute, which it sought to punish, and those acts of the customer himself:

"The section is broadly drafted to insure coverage of all acts by the 'runner' or the 'middleman' in arranging business for a working prostitute. Subsection (a)(1) proscribes simply 'soliciting'. *This subsection envisions one who actively seeks out customers for the prostitute, those who initiate the suggestion to the prospective patron. The word 'solicit' is employed here* (as in sec. 11—6) *to require only an invitation—the response of the prospective customer,* and the locale of the solicitation, *being wholly immaterial so far as the scope of the section is concerned."* (Emphasis added.) (Ill. Ann. Stat. ch. 38, par. 11—15, Committee Comments, at 341 (Smith-Hurd 1979).)

We are not persuaded by the State's argument that our interpretation of subsection (a)(1) would render it superfluous in view of the language of subsections (a)(2) and (a)(3). Those provisions address the situation where an individual "[a]rranges or offers to arrange a meeting of persons for the purpose of prostitution" or where an individual "[d]irects another to a place knowing such direction is for the purpose of prostitution." These subsections are broader than subsection (a)(1), which is directed at the individual who initiates the idea of a prostitution transaction. In contrast, subsections (a)(2) and (a)(3) are violated if an individual arranges for or directs a customer to an encounter with a prostitute, whether or not that individual initiates the transaction himself. See Ill. Ann. Stat. ch. 38, par. 11—15, Committee Comments, at 341-42 (Smith-Hurd 1979).

In the instant case, we believe that the trial court incorrectly held that section 11—15 applies to a patron's solicitation of a prostitute. Accordingly, for the reasons set forth above, the judgment of the circuit court of Cook County is reversed.

Reversed.

LINN, P.J., concurs.

JUSTICE JIGANTI, dissenting:

The claim that section 11—15(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 11—15(a)(1)) does not proscribe a patron's solicitation of a prostitute was considered and rejected by this court in *People v. Blair* (1983), 114 Ill. App. 3d 655, 449 N.E.2d 172. I agree with the reasoning and conclusion reached in *Blair.* The language of subsection (a)(1) under which the defendant was convicted is clear and unambiguous. The phrase "solicits another for the purpose of prostitution" is sufficiently broad in meaning to encompass the con-

duct of one who appeals to or encourages another to engage in an act of prostitution and is not solely restricted to those persons who operate as a contact between the prostitute and a prospective customer. (114 Ill. App. 3d 655, 657, 449 N.E.2d 172.) As pointed out in *Blair*, the object of this legislation is to deter the public nuisance aspect of open solicitation. (114 Ill. App. 3d 655, 657, 449 N.E.2d 172.) The statute should not be so narrowly drawn as to defeat this legislative intent.

Briefly addressing the additional issues raised by the defendant, I believe that the defendant's constitutional challenge of section 11—15(a) has been waived as the defendant has not preserved this issue for review by failing to raise this issue in his written motion for a new trial. (*People v. Friesland* (1985), 109 Ill. 2d 369, 488 N.E.2d 261.) Also, I conclude that based on the police officer's testimony there was sufficient evidence to find the defendant guilty beyond a reasonable doubt of the offense. Even though the accounts given by the defendant and his witnesses conflicted with the testimony of the officer, it was the trial court's function, as the trier of fact, to determine the credibility of the witnesses and the weight to be given their testimony and this court will not substitute its judgment on review. (*People v. Allen* (1985), 107 Ill. 2d 91, 106, 481 N.E.2d 690.) Accordingly, I would affirm the defendant's conviction and sentence.