THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. EDDIE L. ANDERSON, Defendant-Appellee.

Fifth District   No. 5—85—0114

Opinion filed May 22, 1986.

Barbara Adams, State's Attorney, of Hillsboro (Kenneth R. Boyle, Stephen E. Norris, and Susan M. Young, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

Gregory B. Grigsby, Public Defender, of Taylorville, for appellee.

JUSTICE KARNS delivered the opinion of the court:

The State appeals from a judgment of the circuit court of Montgomery County granting defendant's, Eddie L. Anderson's, motion to dismiss a charge of soliciting for a juvenile prostitute.

Defendant was arrested on October 28, 1984, and subsequently charged by information with the offense of soliciting for a juvenile prostitute. (Ill. Rev. Stat. 1983, ch. 38, par. 11—15.1.) A preliminary hearing was held on November 8, 1984, at which time Sergeant Fred Fowler testified that, while working undercover, he observed a white Cadillac pull into a rest area off of Interstate 55. Two females exited the Cadillac and approached a truck containing two undercover officers. The officers were allegedly offered, in exchange for money, oral sex and intercourse by the females. The females and defendant were placed under arrest. One of the females, a 15-year-old, informed an investigating officer that defendant had brought her

to the rest stop for the purpose of performing oral sex and intercourse in exchange for money. At the conclusion of the preliminary hearing, defendant was arraigned and entered a plea of not guilty. On January 21, 1985, the trial court granted defendant's motion to dismiss on the ground that the acts alleged in the information did not constitute the offense of soliciting for a juvenile prostitute. Also on January 21, 1985, an additional information was filed charging defendant with pandering. Ill. Rev. Stat. 1983, ch. 38, par. 11—16(a)(2).

The sole issue on appeal is whether count I of the information, alleging that defendant directed a prostitute under the age of 16 to a rest area knowing that such direction was for the purpose of prostitution, is sufficient to charge defendant with the offense of soliciting for a juvenile prostitute.

Section 11—15.1 of the Criminal Code of 1961 provides that "[a]ny person who violates any of the provisions of section 11—15(a) of this Act commits soliciting for a juvenile prostitute where the prostitute for whom such person is soliciting is under 16 years of age." (Ill. Rev. Stat. 1983, ch. 38, par. 11—15.1(a).) The applicable portion of section 11—15 of the Code provides that a person who "[d]irects *another* to a place knowing such direction is for the purpose of prostitution" commits soliciting for a prostitute. (Emphasis added.) Ill. Rev. Stat. 1983, ch. 38, par. 11—15(a)(3).

The State contends that the term "another" should be construed broadly to refer to either the prostitute or the prospective patron. According to the State's position, the act of directing a prostitute to a particular place for the purpose of prostitution is sufficient to bring this conduct within the purview of section 11—15(a)(3) of the Code (Ill. Rev. Stat. 1983, ch. 38, par. 11—15(a)(3)). Defendant asserts that the term "another" refers only to the patron and not to the prostitute. Accordingly, defendant maintains that because there was no direct contact between himself and a prospective patron, the trial court correctly granted the motion to dismiss the charge of soliciting for a prostitute.

The State cites *People v. Blair* (1983), 114 Ill. App. 3d. 655, 449 N.E.2d 172, in support of its argument that the term "another" refers to either the prostitute or the patron. In *Blair*, the defendant allegedly approached an undercover policewoman and offered her $15 in exchange for an act of oral copulation. (114 Ill. App. 3d 655, 449 N.E.2d 172.) Defendant was convicted of soliciting for a prostitute. (Ill. Rev. Stat. 1983, ch. 38, par. 11—15(a)(1); *People v. Blair* (1983), 114 Ill. App. 3d 655, 449 N.E.2d 172.) On appeal, defendant

argued that the statute did not proscribe soliciting a prostitute, but proscribed conduct by third persons that aided and abetted the transaction between the prostitute and the patron. (114 Ill. App. 3d 655, 656, 449 N.E.2d 172, 173.) In support of his contention, defendant cited the committee comments set forth in the Smith-Hurd Illinois Annotated Statutes which state that subsection (a)(1) "envisions one who actively seeks out customers for the prostitute, those who initiate the suggestion to the prospective patron." (*People v. Blair* (1983), 114 Ill. App. 3d 655, 656, 449 N.E.2d 172, 173.) The court, in rejecting defendant's argument, stated that, "[w]hen a statute uses words which have a well-known legal meaning, courts will assume that is the meaning intended by the legislature. [Citation.] [and] [i]f the words of the statute are clear and unambiguous, there should be no resort to extrinsic aids such as legislative history. [Citation.]" (114 Ill. App. 3d 655, 657, 449 N.E.2d 172, 173.) The court concluded that the language of the statute was easily understood and held that the statute proscribed both soliciting a prostitute and soliciting another on behalf of a prostitute. 114 Ill. App. 3d 655, 656-57, 449 N.E.2d 172, 173.

We agree with the statement in *Blair* that the terms "solicit" and "prostitution" are so well and universally understood as to require no further definition. (*People v. Blair* (1983), 114 Ill. App. 3d 655, 656, 449 N.E.2d 172, 173, quoting *People v. Rice* (1943), 383 Ill. 584, 50 N.E.2d 711.) However, we do not believe that the term "another," as set forth in the statute at issue here (Ill. Rev. Stat. 1983, ch. 38, par. 11—15(a)(3)) and in *Blair* (Ill. Rev. Stat. 1983, ch. 38, par. 11—15(a)(1)), has such a clear and unambiguous meaning so as to prohibit the use of extrinsic aids in our interpretation of the statute. Additionally, *Blair* is distinguishable from the instant case because it did not involve application of the soliciting for a juvenile prostitute statute. Ill. Rev. Stat. 1983, ch. 38, par. 11—15.1.

In our endeavor to ascertain and give effect to the intent of the legislature, the statute must be read as a whole and all relevant parts considered. (*City of Springfield v. Board of Election Commissioners* (1985), 105 Ill. 2d 336, 341, 473 N.E.2d 1313, 1315; *People v. Jordan* (1984), 103 Ill. 2d 192, 206, 469 N.E.2d 569, 576.) Section 11—15.1 requires consideration of the provisions of section 11—15, therefore, the language in the soliciting for a juvenile prostitute statute (Ill. Rev. Stat. 1983, ch. 38, par. 11—15.1) is instructive on the issue of whether the term "another," as used in the soliciting for a prostitute statute (Ill. Rev. Stat. 1983, ch. 38, par. 11—15(a)(3)), refers to either the prostitute or the patron. The relevant language of

the section 11—15.1 (Ill. Rev. Stat. 1983, ch. 38, par. 11—15.1) provides that:

> "Any person who violates any of the provisions of Section 11—15(a) of this Act commits soliciting for a juvenile prostitute *where the prostitute for whom such person is soliciting* is under 16 years of age." (Emphasis added.)

We believe that the underscored language clearly indicates that the person to be charged under the soliciting for a juvenile prostitute statute is one who acts on behalf of the juvenile prostitute in procuring customers. Ill. Rev. Stat. 1983, ch. 38, par. 11—15.1.

Because the soliciting for a prostitute statute (Ill. Rev. Stat. 1983, ch. 38, par. 11—15) is ambiguous, it is proper to look beyond the language of the statute itself in an effort to ascertain the intent of the legislature. (*People v. Robinson* (1982), 89 Ill. 2d 469, 475-76, 433 N.E.2d 674, 677.) The committee comments contained in the Smith-Hurd Annotated Statutes are a proper source to consider in seeking legislative intent. (*People v. Hairston* (1970), 46 Ill. 2d 348, 356, 263 N.E.2d 840, 846.) "[Subsection (a)(1)] envisions one who actively seeks out customers for the prostitute, those who initiate the suggestion to the prospective patron." (Ill. Ann. Stat., ch. 38, par. 11—15(a)(1), Committee Comments, at 341 (Smith-Hurd 1979).) "[Subsection (a)(3)] deals with directing the prospective patron to a prostitute or a place of prostitution." (Ill. Ann. Stat., ch. 38, par. 11—15(a)(3), Committee Comments, at 341-42 (Smith-Hurd 1979).) While certainly not dispositive of the issue at hand, the committee comments provide additional support for the interpretation that the legislature's intent is to punish the conduct of the prostitute's consort in procuring customers on behalf of the prostitute. Furthermore, the use of the language "soliciting *for* a prostitute" (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 38, par. 11—15(a)) also supports this interpretation.

Reading the soliciting for a prostitute statute (Ill. Rev. Stat. 1983, ch. 38, par. 11—15) in conjunction with the soliciting for a juvenile prostitute statute (Ill. Rev. Stat. 1983, ch. 38, par. 11—15.1), and in light of the committee comments, we conclude that the legislature intended section 11—15(a)(3) (Ill. Rev. Stat. 1983, ch. 38, par. 11—15(a)(3)) to apply to those persons who direct prospective patrons to a place knowing such direction is for the purpose of prostitution. Therefore, the trial court did not err in granting defendant's motion to dismiss.

Our interpretation of section 11—15(a)(3) does not mean that conduct between the prostitute's consort and the prostitute is not

subject to sanctions. Conduct of this type is covered by the pandering statute of the Code. (Ill. Rev. Stat. 1983, ch. 38, par. 11—16.) Defendant was subsequently charged with violating section 11—16(a)(2) in that he arranged a situation, in exchange for money, in which a female could practice prostitution. (Ill. Rev. Stat. 1983, ch. 38, par. 11—16(a)(2).) Defendant does not challenge the charge of pandering on appeal. Although this appeal does not directly involve application of section 11—15(a)(1) (Ill. Rev. Stat. 1983, ch. 38, par. 11—15(a)(1)), we feel compelled to address the impact of our interpretation of the term "another" upon this section of the soliciting for a prostitute statute. Absent a contrary indication, a term used in one section of a statute will be given the same meaning in a separate section of that same statute. (*People v. Hudson* (1983), 113 Ill. App. 3d 1041, 1044, 448 N.E.2d 178, 181.) Therefore, having construed the term "another" in section 11—15(a)(3) (Ill. Rev. Stat. 1983, ch. 38, par. 11—15(a)(3)) to refer only to the prospective patron of the prostitute, the same meaning also applies to section 11—15(a)(1) (Ill. Rev. Stat. 1983, ch. 38, par. 11—15(a)(1)). The impact of our interpretation is that a prospective patron who solicits a prostitute for the purpose of prostitution cannot be properly charged with violating section 11—15(a)(1) (Ill. Rev. Stat. 1983, ch. 38, par. 11—15(a)(1)). Thus, we are in disagreement with the decision in *Blair*. Where, however, the patron enters or remains in a place of prostitution with the intent to engage in an act of sexual intercourse or deviate sexual conduct or where the patron actually engages in an act of sexual intercourse or deviate sexual conduct with a prostitute, he commits the offense of patronizing a prostitute in violation of section 11—18 of the Code (Ill. Rev. Stat. 1983, ch. 38, pars. 11—18(a)(1), (2)).

For the foregoing reasons, the judgment of the circuit court of Montgomery County is affirmed.

Affirmed.

HARRISON and WELCH, JJ., concur.