THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. LOUIS THOMA, Defendant-Appellee.
Third District   No. 3—86—0524

Opinion filed February 20, 1987.

John A. Barra, State's Attorney, of Peoria (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

James L. Hafele, of Peoria, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The defendant, Louis Thoma, was charged with soliciting for a prostitute (Ill. Rev. Stat. 1985, ch. 38, par. 11—15(a)(1)), and attempted patronizing a prostitute (Ill. Rev. Stat. 1985, ch. 38, pars. 8—4(a), 11—18). The trial court granted the defendant's motion to dismiss the soliciting charge. The State appeals.

The defendant was the prospective patron of an undercover police officer who was posing as a prostitute. His motion to dismiss the soliciting charge relied upon *People v. Holloway* (1986), 143 Ill. App. 3d 735, 493 N.E.2d 89, in which the court held that the soliciting statute applies only to middlemen, not to patrons.

The State argued that the statute encompasses both middlemen and patrons. In support of its argument, the State cited *People v. Blair* (1983), 114 Ill. App. 3d 655, 449 N.E.2d 172, in which the court found that the statute included a patron's soliciting a prostitute on his own behalf.

The trial court found that *Holloway* was the better reasoned opinion and that the soliciting statute did not include patrons. It then dismissed the soliciting charge.

The State argues on appeal that the trial court erred.

The fundamental objective of statutory construction is to ascertain and give effect to the legislature's intent. (*In re Application of Rosewell* (1983), 97 Ill. 2d 434, 454 N.E.2d 997.) A statute should be read as a whole and all its relevant parts should be considered to determine the intent of the legislature. (*People v. Jordan* (1984), 103 Ill. 2d 192, 469 N.E.2d 569.) Where the language of a statute is susceptible of differing interpretations, to ascertain the legislative intent a court may look beyond the express words and consider the purpose to be served by the statute. (*City of Chicago v. Strauss* (1984), 128 Ill. App. 3d 193, 470 N.E.2d 563.) A criminal statute must be strictly construed in favor

of the accused. *People v. Christensen* (1984), 102 Ill. 2d 321, 465 N.E.2d 93.

The statute in question provides, in pertinent part:

"(a) Any person who performs any of the following acts commits soliciting for a prostitute:

(1) Solicits another for the purpose of prostitution; or

(2) Arranges or offers to arrange a meeting of persons for the purpose of prostitution; or

(3) Directs another to a place knowing such direction is for the purpose of prostitution." Ill. Rev. Stat. 1985, ch. 38, par. 11—15(a).

In *Daley v. Resnick* (1972), 5 Ill. App. 3d 683, 284 N.E.2d 39, the court held that the soliciting prohibited by the instant statute excluded solicitation by the prostitute and covered only the middleman. The court stated that it could conceive of no other construction of the words "soliciting for a prostitute" and noted that the committee comments to the statute bore out this interpretation.

In *People v. Blair* (1983), 114 Ill. App. 3d 655, 449 N.E.2d 172, the court also noted that the committee comments suggested that the statute was intended to cover only middlemen. However, the court went on to find that where the words of a statute are clear and unambiguous, there should be no resort to extrinsic aids such as legislative history. (Relying on *Rushton v. O'Malley* (1980), 89 Ill. App. 3d 103, 411 N.E.2d 528.) The instant statute, said the *Blair* court, clearly and unambiguously included a patron who appeals to or entices another on his own behalf for an act of prostitution. The court therefore refused to look any further than the words or section 11—15(a)(1).

The court in *People v. Holloway* (1986), 143 Ill. App. 3d 735, 493 N.E.2d 89, criticized the *Blair* court for ignoring *Daley v. Resnick*, for not reading the statute as a whole, for missing the ambiguity in the statute, and for ignoring the committee comments. The *Holloway* court stated that the phrase "[s]olicits another for the purpose of prostitution" does not resolve the issue of the class of individuals whose conduct the statute was designed to punish. The language preceding section 11—15(a)(1), said the court, established that the legislation is aimed at any person who engaged in "soliciting *for* a prostitute." (Emphasis in original.) Relying on Black's Law Dictionary 579 (5th ed., 1979) and Webster's Third New International Dictionary 886 (1981), the *Holloway* court concluded from the commonly accepted definition of this phrase that the legislature defined the offense as soliciting "for" or "in behalf of" a prostitute.

■ We agree with the *Holloway* court that when the instant stat-

ute is read as a whole, subsection (a)(1) is ambiguous. Subsections (a)(2) and (a)(3) clearly apply only to middlemen. Further, the title "[s]oliciting for a prostitute" appears only to refer to middlemen. It is unclear to whom "another" refers in subsection (a)(1)'s phrase: "[s]olicits another for the purpose of prostitution."

Accordingly, we find it necessary to examine the committee comments. These state in pertinent part:

"The section is broadly drafted to insure coverage of all acts by the 'runner' or the 'middle-man' in arranging business for a working prostitute. Subsection (a)(1) proscribes simply 'soliciting'. This subsection envisions one who actively seeks out customers for the prostitute, those who initiate the suggestion to the prospective patron. The word 'solicit' is employed here (as in sec. 11—6) to require only an invitation—the response of the prospective customer, and the locale of the solicitation, being wholly immaterial so far as the scope of the section is concerned." Ill. Ann. Stat., ch. 38, par. 11—15, Committee Comments—1961, at 341 (Smith-Hurd 1979).

Further evidence that the legislature did not intend to include patrons in the instant statute can be found in section 11—15.1(a), which reads:

"Soliciting for a Juvenile Prostitute.

(a) Any person who violates any of the provisions of Section 11—15(a) of this Act commits soliciting for a juvenile prostitute where the prostitute *for whom such person is soliciting* is under 16 years of age." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 38, par. 11—15.1(a).

Section 11—15.1 is merely section 11—15 with the aggravating factor that the prostitute is under 16 years of age raising the offense from a Class A misdemeanor to a Class 1 felony. In that light, it is relevant that the legislature said "for whom such person is soliciting" rather than simply "whom such person is soliciting." This indicates that the legislature intended to include only middlemen, not patrons, in both statutes. See also *People v. Anderson* (1986), 143 Ill. App. 3d 567, 493 N.E.2d 410.

For the aforementioned reasons, we find that section 11—15 does not encompass the activities of a person soliciting a prostitute on his own behalf.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

HEIPLE and WOMBACHER, JJ., concur.