THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LARRY HARRIS, Defendant-Appellant.
First District (2nd Division)  No. 85—2058

Opinion filed June 16, 1987.

Steven Clark and Barbara Kamm, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Christopher J. Cummings, and Robert M. Podlasek, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HARTMAN delivered the opinion of the court:
Defendant was convicted by the court of juvenile pimping, soliciting for a juvenile prostitute and aggravated criminal sexual abuse and

was sentenced to three concurrent terms of six years' imprisonment. (Ill. Rev. Stat. 1983, ch. 38, pars. 11—19.1(a), 11—15.1(a); Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—16(d).) On appeal, defendant contends: (1) he was not proved guilty beyond a reasonable doubt; and (2) the circuit court erred in applying section 5—5—3(c)(7) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3(c)(7)), requiring that he be sentenced as a Class X offender.

The testimony at trial showed that a 13-year-old girl met defendant, then age 24, while riding on a bus with three younger children in September 1984. She told defendant that she was 17 years old; he did not believe her. She and defendant got off the bus, sent the children home and then went to a hotel where defendant introduced her to a woman named Bernadette. The child and defendant talked briefly, then engaged in sexual intercourse. Thereafter she told defendant and Bernadette that she was only 13 years old; defendant responded that he had known that she was not 17 years old and that "[i]t really doesn't matter how old you are." After defendant and Bernadette argued and then fought over an unspecified subject, defendant assured the child that everything would be all right and she spent the night with defendant.

Several days later the child spoke with defendant about becoming a prostitute. In response, defendant told her that several persons would be able to instruct her. Two nights later, she accompanied defendant and Bernadette to a street corner wearing a wig and make-up that they had given her. Bernadette instructed her in how to stop cars and "turn dates," while defendant waited a short distance away. She stated that she "turned" more than "one date" the first evening, and gave the money she received to defendant.

The child worked as a prostitute four or five nights per week for five months, giving all the money she earned to defendant. In turn, defendant bought her clothes and other items that she needed to continue as his prostitute. Defendant told her to tell police that she was 17 years old if she was ever questioned, and he gave her a false birth date and address to use for that purpose. On November 9, 1984, defendant became angry with her when he observed that she was not standing in the location to which he had directed her; as a result, he threw her against a wall. Two police officers arrived and immediately arrested defendant and the child. She told the officers that she was 17 years old and never went to court as a result of her arrest.

On January 15, 1985, she was arrested again, gave the officers her real name and told them that she was only 13 years old. Thereafter, she was placed in a children's home. During the time that she

worked as a prostitute, she had sexual intercourse daily with defendant. Defendant was then arrested and charged with juvenile pimping, soliciting for a juvenile prostitute, pandering and aggravated criminal sexual abuse.

At trial, defendant's mother, sister and brother testified that they had met defendant's child prostitute on several occasions and that she had told them that she was 17 years old. They also testified that she had lost weight since that time and that she appeared younger at the time of trial.

After finding defendant guilty of juvenile pimping, soliciting for a juvenile prostitute and aggravated criminal sexual abuse, and acquitting him of pandering, as first noted above, the circuit court found defendant eligible for sentencing as a Class X offender pursuant to section 5—5—3(c)(7) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3(c)(7)) due to three prior robbery convictions, all Class 2 felonies. He appeals.

I

■■ ■ Defendant's first contention on appeal is that he was not proved guilty beyond a reasonable doubt of soliciting for a juvenile prostitute, asserting that there was no evidence presented establishing that he arranged meetings between the child and prospective customers for the purpose of prostitution and that other alleged conduct did not fit within the purview of that proscribed behavior.

The offense of soliciting for a juvenile prostitute is committed when one solicits another for the purpose of prostitution, arranges a meeting of persons for the purpose of prostitution, or directs another to a place for the purpose of prostitution and the prostitute *for whom* such person is soliciting is under age 16. (Ill. Rev. Stat. 1983, ch. 38, pars. 11—15, 11—15.1.) Both defendant and the State have cited ongoing judicial controversy over the scope of section 11—15; that controversy, however, is primarily concerned with whether the proscriptions against soliciting for a prostitute extend to cover the activities of customers soliciting prostitutes. (See *People v. Thoma* (1987), 152 Ill. App. 3d 374, 504 N.E.2d 539; *People v. Holloway* (1986), 143 Ill. App. 3d 735, 493 N.E.2d 89 (with dissent), *appeal denied* (1986), 112 Ill. 2d 585; *People v. Blair* (1983), 114 Ill. App. 3d 655, 449 N.E.2d 172.) That situation is not present in this case.

In the case *sub judice*, the evidence showed that defendant provided the child with instruction, clothing and cosmetics to assist her in soliciting customers; he positioned her in and directed her to what he perceived to be the best location for prostitution; he physically at-

tacked her when she strayed a short distance from that appointed location; he waited a short distance away from her as she solicited customers; and he took all the money that she received. The State contends that defendant's control of the child clearly evidences his solicitation for a juvenile prostitute within the definition of sections 11—15 and 11—15.1.

Section 11—15.1 provides that an individual "commits soliciting for a juvenile prostitute *where the prostitute for whom such person is soliciting* is under 16 years of age." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 38, par. 11—15.1.) The fact that defendant's activities appear to literally fall within those proscribed by section 11—15 is denied force by the clear focus of section 11—15.1, which identifies the prostitute as the person "for whom" the accused solicits, not whom he solicits. Clearly the activities proscribed as soliciting for a juvenile prostitute do not include the activities of this defendant. Section 11—15.1 does not cover defendant's solicitation or recruiting of the child into prostitution; rather, the meanings of sections 11—15 and 11—15.1 clearly refer to persons who solicit prospective customers for the prostitute. (*People v. Anderson* (1986), 143 Ill. App. 3d 567, 570, 493 N.E.2d 410; see *Daley v. Resnick* (1972), 5 Ill. App. 3d 683, 685, 284 N.E.2d 39; *People v. Holloway* (1986), 143 Ill. App. 3d 735, 738-39, 493 N.E.2d 2089.) Those activities, arranging for the child to practice prostitution and directing her operation as a child prostitute, more properly describe the crime of pandering. (Ill. Rev. Stat. 1983, ch. 38, par. 11—6.) The circuit court, however, found the State's proof of pandering insufficient and found defendant not guilty of that charge.

The evidence previously recounted supports, beyond a reasonable doubt, defendant's conviction for juvenile pimping (Ill. Rev. Stat. 1983, ch. 38, par. 11—19.1) and aggravated criminal sexual abuse (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—16(d)).

Accordingly, defendant's conviction of soliciting for a juvenile prostitute must be reversed and the attendant sentence vacated. His convictions for juvenile pimping and aggravated criminal sexual abuse must be affirmed.

II

■ Defendant's second contention is that his sentence as a Class X offender pursuant to section 5—5—3(c)(7) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3(c)(7)) (the Code) was in error because the State failed to prove beyond a reasonable doubt the existence of two prior Class 2 or greater felonies mandating Class X sentencing. Specifically, he argues that no evidence

was introduced at trial to show that he was the offender named in 1981 and 1982 robbery convictions and that the State failed to prove that the second robbery was committed after his conviction of the first robbery as statutorily required.

Section 5—5—3(c)(7) of the Code (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3(c)(7)) provides:

"When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted of any Class 2 or greater Class felonies in Illinois, and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender. This paragraph shall not apply unless (1) the first felony was committed after the effective date of this amendatory Act of 1977; and (2) the second felony was committed. after conviction on the first; and (3) the third felony was committed after conviction on the second."

The prior convictions used to enhance the sentencing provisions under the Code must be proved beyond a reasonable doubt. (*People v. Casey* (1948), 399 Ill. 374, 77 N.E.2d 812; *People v. Mason* (1983), 119 Ill. App. 3d 516, 456 N.E.2d 864.) Proof of such prior convictions is generally provided by introduction of certified copies of the convictions and identification of defendant as the one convicted. (*People v. Davis* (1976), 65 Ill. 2d 157, 164, 357 N.E.2d 792.) An identity of name between the certified. copies and defendant gives rise to a rebuttable presumption of identity of person. *People v. Davis* (1983), 95 Ill. 2d 1, 31, 447 N.E.2d 353, *cert. denied* (1983), 464 U.S. 1001, 78 L. Ed. 2d 697, 104 S. Ct. 507.

In the instant case, the requirements of section 5—5—3(c)(7) and its accompanying burden of proof have been met. The first two robbery convictions, on July 1, 1981, stemmed from two 1980 arrests with all events occurring after the effective date of the amendatory Act of 1977. The record indicates that defendant was released from the penitentiary in January 1982, arrested for a third robbery four months later, for which he was convicted in September 1982 and sentenced to four years' imprisonment. This evidence was sufficient to prove beyond a reasonable doubt that defendant committed the third robbery after his 1981 conviction. The instant felonies, similarly, clearly concerned acts committed after defendant's 1982 robbery conviction.

Defendant's contention that the State failed to provide proof of his having been the offender named in the prior convictions is disingenuous and without merit. The sentencing hearing transcript indi-

cates that defense counsel told the court he had represented defendant in one of his prior convictions. Additionally, that transcript demonstrates that the State submitted certified copies of all three robbery convictions to the court. Defendant's failure to include those copies in the record on appeal, his burden as appellant, does not vitiate the circuit court's reliance upon them. Significantly, both the defense and the prosecution corrected errors in the presentence report as to the number and type of defendant's prior convictions. Neither defendant nor defense counsel raised the possibility at the sentencing hearing or in a motion for a new trial that defendant was not the person named in the previous convictions, a matter about which they would not have kept silent had such an error occurred. (See *People v. Davis* (1983), 95 Ill. 2d 1, 31, 447 N.E.2d 353; *People v. Hohmann* (1966), 72 Ill. App. 2d 374, 219 N.E.2d 621.) Finally, speaking in mitigation of sentence, defendant's counsel stated:

> "As to [defendant's prior] convictions, your Honor, we are not going to belie the Court's intelligence by trying to speak around them. He does have them."

In light of these statements and the other preceding factors we find that proof of defendant's prior convictions has been demonstrated beyond a reasonable doubt. (*People v. Hayes* (1981), 87 Ill. 2d 95, 429 N.E.2d 490; see *Morrow v. Dixon* (1985), 108 Ill. 2d 223, 483 N.E.2d 876.) The question of whether section 5—5—3(c)(7) is constitutional or not, for failure to require proof of prior convictions beyond a reasonable doubt, need not be reached.

Accordingly, we reverse defendant's conviction for soliciting for a juvenile prostitute and vacate that conviction's six-year sentence; however, we affirm defendant's sentence as a Class X offender on the pimping and aggravated criminal sexual abuse convictions.

Reversed and vacated in part; affirmed in part.

SCARIANO, P.J., and STAMOS, J., concur.