THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DEAN JONES, Defendant-Appellee.

Fourth District   No. 4—92—0930

Opinion filed June 10, 1993.

Michael D. Clary, State's Attorney, of Danville (Norbert J. Goetten, Robert J. Biderman, and Elliott Turpin, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Terry Miles, of Acton & Snyder, of Danville, for appellee.

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

This case raises the issue of whether the offense of soliciting for a juvenile prostitute (Ill. Rev. Stat. 1991, ch. 38, par. 11—15.1) applies to a prospective customer who solicits sexual acts for money from a juvenile. The trial court held that the statute applies only to "middlemen" who find customers for a juvenile prostitute. Accordingly, the court dismissed a charge against defendant, Dean Jones, of soliciting for a juvenile prostitute because the State had only alleged that he acted as a prospective customer.

We affirm.

## I. Background

In August 1992, the State filed a two-count information charging defendant with distribution of harmful materials (Ill. Rev. Stat. 1991, ch. 38, par. 11—21(a)) and soliciting for a juvenile prostitute (Ill. Rev. Stat. 1991, ch. 38, par. 11—15.1(a)). The first count alleged that defendant knowingly exhibited "x-rated videotapes depicting male on male sexual acts" to D.W.M., a child under 18 years of age. The second count alleged that defendant "knowingly solicit[ed] D.W.M., a child under 16 years of age, to perform an act of sexual penetration for money." Both of these offenses allegedly occurred between January 1 and February 19, 1992.

In October 1992, defendant filed a motion to dismiss the count charging him with soliciting a juvenile prostitute. Citing *People v. Thoma* (1987), 152 Ill. App. 3d 374, 504 N.E.2d 539, defendant argued that section 11—15 of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1991, ch. 38, par. 11—15), defining the offense of soliciting for a prostitute, applies only to "middlemen" who arrange prostitution by soliciting customers for prostitutes. Section 11—15.1 of the Code (soliciting for a juvenile prostitute) incorporates by reference the provisions of section 11—15 of the Code. Thus, defendant argued, section 11—15.1 of the Code similarly applied only to "middlemen." After conducting a hearing on defendant's motion, the trial court granted it. The State appeals.

## II. Analysis

■ In pertinent part, section 11—15(a) of the Code provides the following:

> "Soliciting for a prostitute. (a) Any person who performs any of the following acts commits soliciting for a prostitute:
>
> (1) Solicits another for the purpose of prostitution; or
>
> (2) Arranges or offers to arrange a meeting of persons for the purpose of prostitution; or
>
> (3) Directs another to a place knowing such direction is for the purpose of prostitution." (Ill. Rev. Stat. 1991, ch. 38, par. 11—15(a).)

A first or second violation of section 11—15 is a Class A misdemeanor. (Ill. Rev. Stat. 1991, ch. 38, par. 11—15(b).) A violation of section 11—15.1(a) of the Code (soliciting for a juvenile prostitute) enhances the above crime to a Class 1 felony (Ill. Rev. Stat. 1991, ch. 38, par. 11—15.1(c)) when "the prostitute *for whom* such person is soliciting is under 16 years of age or is an institutionalized severely or

profoundly mentally retarded person." (Emphasis added.) Ill. Rev. Stat. 1991, ch. 38, par. 11—15.1(a).

In this appeal, the State argues that section 11—15 of the Code applies to anyone involved in the solicitation of a prostitute, not just to "middlemen" who arrange prostitution by soliciting prospective customers on behalf of prostitutes. The First District Appellate Court first interpreted this section in *Daley v. Resnick* (1972), 5 Ill. App. 3d 683, 284 N.E.2d 39. In *Daley*, a liquor license was revoked because the license holder's barmaid had offered to perform sexual favors herself for money to an undercover officer. (*Daley*, 5 Ill. App. 3d at 684, 284 N.E.2d at 40.) Regarding section 11—15 of the Code, the court wrote the following:

> "It seems perfectly clear to us that the soliciting prohibited by [section 11—15 of the Code] necessarily excludes solicitation by the prostitute herself, and covers only the 'runner' or 'middle-man.' We can conceive of no other construction of the words, 'soliciting for a prostitute' ***." (*Daley*, 5 Ill. App. 3d at 685, 284 N.E.2d at 41.)

(We note that section 11—15 of the Code, construed by the court in *Daley*, is essentially the same statute we construe in the present case.) The court in *Daley* then reversed the revocation because it held that the underlying offense of soliciting for a prostitute that provided the grounds for the revocation had not occurred. *Daley*, 5 Ill. App. 3d at 686, 284 N.E.2d at 41.

However, in *People v. Blair* (1983), 114 Ill. App. 3d 655, 657, 449 N.E.2d 172, 173, a different panel of the First District Appellate Court held that section 11—15 of the Code applied to a prospective customer who asked an undercover policewoman to perform oral sex for money. Without mentioning or citing *Daley*, the court wrote that "[t]he phrase 'solicits another for the purpose of prostitution' has a broader meaning than to solicit another *on behalf* of a prostitute as the defendant contends. It also means to appeal to or entice another for an act of prostitution." (Emphasis added.) *Blair*, 114 Ill. App. 3d at 657, 449 N.E.2d at 173.

In *People v. Holloway* (1986), 143 Ill. App. 3d 735, 493 N.E.2d 89, a divided panel of the First District Appellate Court addressed the conflict between *Daley* and *Blair* and sided with *Daley*. The court reasoned that *Blair* inappropriately focused on only the language of section 11—15(a)(1) of the Code (Ill. Rev. Stat. 1983, ch. 38, par. 11—15(a)(1)), whereas *Daley* considered the language in section 11—15 of the Code as a whole, as well as the title of the offense. In *Holloway*, the court wrote that "[t]he statute should be read as a whole and all

its relevant parts should be considered to determine the intent of the legislature." (*Holloway*, 143 Ill. App. 3d at 739, 493 N.E.2d at 92.) After so considering the statute, the court held that "[t]he clear import of section 11—15 [of the Code] is that the scope of the offense is restricted to those persons who establish the contact between the prostitute and a prospective customer." *Holloway*, 143 Ill. App. 3d at 739, 493 N.E.2d at 92.

In *People v. Anderson* (1986), 143 Ill. App. 3d 567, 493 N.E.2d 410, the Fifth District Appellate Court interpreted section 11—15(a)(3) of the Code (Ill. Rev. Stat. 1983, ch. 38, par. 11—15(a)(3)) and held that the person whom the defendant directs to a place of prostitution must be the prospective customer, not the prostitute. In so holding, the court rejected the *Blair* interpretation of the statute and wrote the following:

"We believe that the *** language [of section 11—15.1 of the Code] clearly indicates that the person to be charged under the soliciting for a juvenile prostitute statute is one who acts on behalf of the juvenile prostitute in procuring customers." *Anderson*, 143 Ill. App. 3d at 570, 493 N.E.2d at 412.

In *Thoma* (152 Ill. App. 3d at 376-77, 504 N.E.2d at 540-41), the Third District Appellate Court agreed with *Daley* and *Holloway* that section 11—15 of the Code only applies to "middlemen" and not to prostitutes or the prospective customers of a prostitute. In so holding, the court noted in *dicta* that section 11—15.1(a) of the Code—the section directly involved in this case—stated that "[a]ny person who violates any of the provisions of Section 11—15(a) of this Act commits soliciting for a juvenile prostitute where the prostitute *for whom such person is soliciting* is under 16 years of age" (emphasis added) (Ill. Rev. Stat. 1985, ch. 38, par. 11—15.1(a)), instead of stating "where the prostitute *whom* such person is soliciting is under 16 years of age." (*Thoma*, 152 Ill. App. 3d at 377, 504 N.E.2d at 541.) The court noted that this language indicated that both these statutes apply only to middlemen who solicit prospective customers *on behalf* of the prostitute.

We agree with *Daley, Holloway*, and *Thoma* that the language in section 11—15 of the Code, when taken as a whole and not in parsed bits, indicates that the statute covers only "middlemen" who solicit customers for the prostitute and not the prospective customers or the prostitute. In support of our conclusion, we note that the statutory scheme regarding prostitution indicates that the offense of "[p]atronizing a juvenile prostitute" (Ill. Rev. Stat. 1991, ch. 38, par. 11—18.1) is merely a Class 4 felony (Ill. Rev. Stat. 1991, ch. 38, par.

11—18.1(c)), while the offense of soliciting for a juvenile prostitute is a Class 1 felony. Thus, under the State's theory, a potential customer merely *asking* a juvenile to perform an act of sexual penetration for money would commit a more serious offense than if he actually consummated the deal.

Finally, as recognized in *Daley* (5 Ill. App. 3d at 685, 284 N.E.2d at 41), *Holloway* (143 Ill. App. 3d at 739-40, 493 N.E.2d at 92-93), *Anderson* (143 Ill. App. 3d at 570, 493 N.E.2d at 412-13), and *Thoma* (152 Ill. App. 3d at 377, 504 N.E.2d at 541), the official committee comments state the following regarding sections 11—15 and 11—15.1 of the Code:

> "The section [11—15 of the Code] is broadly drafted to insure coverage of all acts *by the 'runner'* or the *'middle-man'* in arranging business for a working prostitute. Subsection (a)(1) proscribes simply 'soliciting'. *This subsection envisions one who actively seeks out customers for the prostitute,* those who initiate the suggestion to the prospective patron. The word 'solicit' is employed here *** to require only an *invitation—the response of the prospective customer,* and the locale of the solicitation, *being wholly immaterial so far as the scope of the section is concerned. The following two subsections then expand the concept of solicitation to include the essential activities of a middle-man who might not initiate the suggestion—*but whose participation in *arranging the activity* is such as to be vital to the engagement. Thus, in subsection (a)(2) the person *who arranges or offers to arrange* a meeting of persons for purposes of prostitution is covered. This would cover the situation of an *elevator operator or bellhop in a hotel who establishes contact between a patron and a prostitute* who is living in the hotel or who will visit the patron's room if summoned. *The third subsection deals with directing the prospective patron to a prostitute or a place of prostitution.* *** [I]f a man entered a taxicab and asked the driver to take him to a place of prostitution, and the driver takes the person to a prostitute, *the section would be violated by the cab driver.* ***
>
>> Subsections (a)(2) and (a)(3) do not impose an active duty upon *cabdrivers, bellhops, elevator operators, hotel clerks and the like* to suppress the practice of prostitution—but it does impose upon them a duty not to cooperate either actively or passively in the practice of the trade beyond the lawful duties imposed by their employment.
>> ***

The modern day practice of prostitution relies heavily upon mobility and an informal intelligence service to establish contacts between prostitute and patron. The *middleman* who has only a casual connection with the trade is nevertheless essential to its successful operation in many quarters. Thus, effective control of prostitution requires concern beyond the traditional public nuisance concept of the common law to deter passive cooperation by persons who have, perhaps[,] only an indirect connection with the trade." (Emphasis added.) (Ill. Ann. Stat., ch. 38, par. 11—15, Committee Comments—1961, at 341-42 (Smith-Hurd 1979).)

Although, as noted in *Blair*, these committee comments are not part of the statute, they nonetheless provide support for our holding that the offense of "soliciting for a prostitute" and "soliciting for a juvenile prostitute" apply only to a "middleman" who arranges prostitution by finding customers for prostitutes, not to the prostitute or the prospective patron.

■ Although the alleged acts underlying count II of the State's information in this case might constitute an inchoate attempt or solicitation offense of a different statutory section, they do not constitute the offense of soliciting for a juvenile prostitute under section 11—15.1 of the Code. Thus, the trial court appropriately granted defendant's motion to dismiss that charge.

### III. CONCLUSION

For the reasons stated, we affirm the judgment of the trial court.

Affirmed.

LUND and GREEN, JJ., concur.