THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL WILLIAMS, Defendant-Appellant.

First District (3rd Division) No. 1—88—1371

Opinion filed July 5, 1990.

Michael J. Pelletier and Gordon H. Berry, both of State Appellate Defender's Office, of Chicago, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb and James E. Fitzgerald, Assistant State's Attorneys, of counsel), for the People.

JUSTICE FREEMAN delivered the opinion of the court:

Following a bench trial, defendant Michael Williams was convicted of burglary (Ill. Rev. Stat. 1985, ch. 38, par. 19—1(a)), and was sentenced as a Class X offender to a prison term of 12 years (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3(c)(8)). On appeal, he contends that he was wrongfully sentenced as a Class X offender because there was no evidence of the dates of his prior offenses. He contends further that double jeopardy principles protect him from being resentenced as a Class X offender and that therefore the cause should be remanded for Class 2 or

ordinary resentencing. (Ill. Rev. Stat. 1985, ch. 38, par. 19—1(b).) In the alternative, he contends that his sentence was excessive and that it should be reduced to six years.

On the evening of August 9, 1987, Chicago police found defendant inside a burned-out, boarded-up liquor store located at 755 North Clark Street in Chicago. There was evidence that homeless people frequented the area and that the premises previously had been burglarized. When defendant was found, he was inside a cooler that contained cheese, beer and other beverages, and his pocket contained pickled pigs' feet. There were 20 to 25 liquor bottles and an open jar of pickled pigs' feet near defendant. There were also two buckets filled with liquor bottles on the roof.

The trial court convicted defendant of burglary and ordered an evaluation by TASC, Inc. (Treatment Alternatives to Street Crimes). TASC found that defendant was an addict who was ineligible and unacceptable for TASC services because he lacked "recognition of a need" and did not "exhibit a readiness for drug treatment." The trial court then held a sentencing hearing.

At the sentencing hearing, the assistant State's Attorney argued in aggravation that defendant's criminal background made him eligible for a Class X sentence.

The record discloses the following information about defendant's criminal background: on October 12, 1972, defendant was convicted of criminal damage to property, was sentenced to probation for one year and was ordered to pay restitution in the amount of $125; on January 3, 1974, he was convicted of burglary and was sentenced to probation for one year; on January 23, 1974, he was convicted of theft and was sentenced to 30 days in jail; on August 16, 1974, he was adjudged to be in violation of probation in connection with the 1974 burglary conviction and was sentenced to a prison term of one to three years; on May 12, 1976, he was convicted of burglary and was sentenced to a prison term of one to five years; and on February 15, 1978, he was arrested for burglary, was convicted on June 20, 1978, was sentenced to a prison term of three years, and was paroled on August 15, 1979.

The record discloses further that on August 31, 1979, defendant was arrested for burglary, was convicted on April 24, 1980, was sentenced to a prison term of six years, and was discharged on March 16, 1984; on June 8, 1984, he was arrested for theft, was convicted on July 5, 1984, and was sentenced to jail for 27 days; and on July 15, 1984, he was arrested for burglary, was convicted on August 9, 1984, was sentenced to a prison term of four years, and was paroled on April 25, 1986. On August 9, 1987, defendant committed and was arrested for the present

burglary, was convicted on January 13, 1988, and was sentenced on April 28, 1988.

The record discloses further that defendant was homeless and had not had stable employment since the late 1970's.

In sentencing defendant to a 12-year prison term, the trial judge indicated that defendant's "prior contacts" unquestionably rendered him eligible for a Class X sentence.

On appeal, defendant contends that the trial court erred in sentencing him as a Class X offender because the State failed to prove the sequence of prior convictions required by the statute that governs Class X sentencing. The State suggests that any error was waived because defendant failed to dispute the accuracy or validity of the information presented to the trial court. However, we decline to treat the matter as waived and turn our attention to the merits instead. See *People v. Washington* (1990), 195 Ill. App. 3d 520, 528-29, 552 N.E.2d 1067; *People v. Pietruszynski* (1989), 189 Ill. App. 3d 1071, 1081, 545 N.E.2d 942; but see *People v. Stewart* (1989), 186 Ill. App. 3d 833, 838, 542 N.E.2d 915.

 Burglary is a Class 2 felony with a statutory penalty range of not less than three nor more than seven years' imprisonment. (Ill. Rev. Stat. 1985, ch. 38, pars. 19—1(b), 1005—8—1(a)(5).) The statutory penalty range for a Class X felony is not less than six nor more than 30 years' imprisonment. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(3).) Pursuant to section 5—5—3(c)(8) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3(c)(8)), prior convictions for Class 2 felonies can be used to enhance the defendant's sentence to Class X magnitude under certain circumstances. The statute provides as follows:

> "When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted of any Class 2 or greater Class felonies in Illinois, and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender. This paragraph shall not apply unless (1) the first felony was committed after the effective date of this amendatory Act of 1977 [February 1, 1978 (Pub. Act 80—1099)]; and (2) the second felony was committed after conviction on the first; and (3) the third felony was committed after conviction on the second." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3(c)(8).)

Prior convictions used to enhance the defendant's sentence must be proved beyond a reasonable doubt. (*People v. Harris* (1987), 157 Ill. App. 3d 70, 74, 510 N.E.2d 107.) Proof of the prior convictions generally consists of certified copies of the convictions and identification of the defendant as the person convicted. (*People v. Harris* (1987), 157 Ill.

App. 3d 70, 510 N.E.2d 107.) Even if certified copies are introduced disclosing the dates of the defendant's prior arrests and convictions, the State must still introduce evidence of the dates on which the prior offenses were committed. *People v. Parks* (1988), 168 Ill. App. 3d 978, 987, 523 N.E.2d 130.

In the case at bar, defendant does not dispute that he was over 21 years old when he was convicted of the Class 2 felony in the present case on January 13, 1988. Nor does he dispute his identification as the person convicted of the prior offenses. Rather, he disputes the sufficiency of the evidence concerning the dates on which he committed the prior offenses.

■ There is no direct evidence of the dates on which defendant committed the prior offenses, and the issue therefore is whether the dates of commission of the prior offenses can be circumstantially inferred from the dates of arrest and conviction. The authorities are divided on this question. The sixth division of this district has held that it is permissible to infer the dates of commission of prior offenses from the dates of prior arrests and convictions (*People v. Stewart* (1989), 186 Ill. App. 3d 833, 838, 542 N.E.2d 915), but the second district and the first and fifth divisions of this district have declined to draw the inference. (See *People v. Hamilton* (1990), 198 Ill. App. 3d 108; *People v. Pietruszynski* (1989), 189 Ill. App. 3d 1071, 1081, 545 N.E.2d 942; *People v. Washington* (1990), 195 Ill. App. 3d 520, 529, 552 N.E.2d 1067.) We believe that the more flexible approach of *People v. Stewart* is the better one, and we conclude that the dates on which defendant's prior offenses were committed can be circumstantially inferred from the report of proceedings and presentence investigation report in the case at bar.

■ The amendatory act of 1977 took effect on February 1, 1978. (Pub. Act 80—1099, eff. February 1, 1978 (amending Ill. Rev. Stat. 1977, ch. 38, par. 1005—5—3).) On August 15, 1979, defendant was paroled; and on August 31, 1979, he was arrested for burglary. He was convicted on April 24, 1980, and was sentenced to a prison term of six years. This was his first Class 2 felony conviction relevant to the Class X sentencing issue on appeal.[1] It reasonably can be inferred from the above that his first Class 2 felony conviction for burglary stemmed from an offense committed in 1979, between his August 15,

---

[1]The State's brief suggests that the first relevant conviction was the June 20, 1978, conviction for burglary. However, defendant was arrested for that offense on February 15, 1978. Pursuant to *People v. Pietruszynski* (1990), 189 Ill. App. 3d at 1081, the fact that defendant was arrested on February 15, 1978, is not proof that the burglary was committed after the February 1, 1978, effective date of the amendatory act of 1977.

1979, parole and his August 31, 1979, arrest, and after the February 1, 1978, effective date of the amendatory act of 1977.

Next, his second relevant Class 2 felony conviction on August 9, 1984, inferentially stemmed from a burglary committed in 1984, between his release from jail for theft and his July 15, 1984, arrest for the burglary. Therefore, it reasonably can be inferred that his second offense was committed in 1984, after his conviction on April 24, 1980, for the first relevant Class 2 felony.

Finally, defendant's third Class 2 felony conviction stemmed from the present offense, committed on August 9, 1987, which was after his conviction on August 9, 1984, for the second relevant Class 2 felony. Given these circumstances, we find that defendant's prior convictions were proved beyond a reasonable doubt and that he was properly sentenced as a Class X offender. Therefore, we need not address the double jeopardy issue asserted by defendant. We note, however, that there is a division of authority on this issue as well. See *People v. Washington* (1990), 195 Ill. App. 3d at 530-31 (double jeopardy principles did not protect the defendant from being resentenced as a Class X offender); but see *People v. Hamilton* (1990), 198 Ill. App. 3d 108 (double jeopardy principles protected the defendant from being resentenced as a Class X offender).

The next issue is whether defendant's 12-year sentence was excessive. He suggests that his conduct was more similar to theft than burglary, but we reject this suggestion because he does not challenge the sufficiency of the evidence supporting his burglary conviction. He suggests further that the present crime "was not serious criminal conduct" and was merely a petty property crime committed by a homeless drug addict.

In *People v. Center* (1990), 198 Ill. App. 3d 1025, the court held that the defendant's 15-year Class X sentence for burglary was excessive and reduced it to seven years. However, the defendant in *People v. Center* was employed, maintained stable family ties, had been accepted into a firefighter-paramedic training program, denied using drugs or alcohol, had served as a lookout during the burglary, and had two prior convictions. In the case at bar, defendant had not been steadily employed since the late 1970's and had a lengthy criminal record. The trial court was convinced that if defendant were released, he would quickly commit another burglary. The trial court observed that defendant was unable to conform his conduct to the law. Defendant's criminal background supports the trial court's observations. Moreover, when defendant addressed the trial court, he stated that he had committed burglaries, knew how to break into premises,

and would have broken into a store, but was "shocked" that he was charged with the present burglary. We do not believe that the trial court abused its sentencing discretion and we therefore decline to disturb defendant's sentence.

The judgment of the circuit court is affirmed.

Judgment affirmed.

RIZZI and WHITE, JJ., concur.