THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GARY EUGENE SHELTON, Defendant-Appellant.

Fourth District   No. 4—90—0485

Opinion filed February 21, 1991.

Daniel D. Yuhas and Judith L. Libby, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

After a jury trial, defendant, Gary Eugene Shelton, was convicted of burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—1). The presentence report prepared for defendant's sentencing hearing revealed that he had been convicted of burglary in both 1983 and 1984. At the sentencing hearing, the court asked the prosecutor about the applicability of section 5—5—3(c)(8) of the Unified Code of Corrections (Unified Code) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(8)), which provides that under certain circumstances a defendant convicted of a Class 2 felony, such as burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—1(b)), shall be sentenced as a Class X offender. The prosecutor admitted that he had not previously considered that statutory provision and stated it appeared to him that defendant was eligible to be sentenced as a Class X offender under that section. Defendant's counsel did not address the applicability of section 5—5—3(c)(8) of the Unified Code, but instead argued for a minimal sentence. The trial court concluded that it was required by section 5—5—3(c)(8) of the Unified Code to sentence defendant as a Class X felon and sentenced him to 10 years in the Illinois Department of Corrections. The court also ordered that sentence to run consecutively to the sentence imposed upon defendant for his conviction of an unrelated felony offense.

On appeal, defendant challenges only his sentence, arguing the court erred when it (1) sentenced him as a Class X offender under section 5—5—3(c)(8) of the Unified Code, and (2) ordered his sentence to be served consecutively. We reverse and remand for a new sentencing hearing.

■■ Section 5—5—3(c)(8) of the Unified Code reads as follows:

"When a defendant, over the age of 21 years, is convicted of a

Class 1 or Class 2 felony, after having twice been convicted of any Class 2 or greater Class felonies in Illinois, and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender. This paragraph shall not apply unless (1) the first felony was committed after the effective date of this amendatory Act of 1977; and (2) the second felony was committed after conviction on the first; and (3) the third felony was committed after conviction on the second." (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(8).)

The plain language of this section requires the court and the parties to focus on the date the first and second felonies *were committed*, not the dates upon which defendant was convicted. However, in the present case, no information was ever presented to the trial court, either through testimony, representations of counsel, or the presentence report, to indicate when defendant committed the burglaries of which he was convicted in 1983 and 1984. The only information before the court regarding these prior convictions was contained in the presentence report which, regarding these burglaries, read in its entirety as follows:

"2/22/83 Burglary  4/6/83 Plea of guilty
(83—CF—66)  entered.
5/5/83 Sentenced to
thirty (30) months
probation; $500.00
fine;
$50.00 surcharge;
$70.00
costs; six (6) months
imprisonment.

10/31/85 Petition for Revocation filed as Defendant failed to pay his fine, costs, and surcharge by May 5, 1985.
11/6/85 Petition dismissed.
12/5/85 Discharged.

\* \* \*

4/22/84 Burglary  7/12/84 Plea of guilty
(84—CF—117)  entered.
8/28/84 Sentenced to 3½
years Department of
Corrections.
5/23/86 Released on
parole.
5/26/88 Discharged."

The dates preceding the word "Burglary" in each of these entries—

February 27, 1983, and April 22, 1984—*may be* the dates on which these burglaries were committed, but they also may be the dates on which defendant was arrested for these crimes or the dates on which he was formally charged with these crimes. Accordingly, because this record does not provide the dates on which the 1983 and 1984 burglaries were committed, the trial court erred in sentencing defendant as a Class X offender under section 5—5—3(c)(8) of the Unified Code, his sentence must be reversed, and the cause remanded for resentencing. See *People v. Parks* (1988), 168 Ill. App. 3d 978, 986-87, 523 N.E.2d 130, 136.

Defendant further argues that if we determine that his sentence as a Class X offender must be reversed and the cause remanded for resentencing, double jeopardy principles preclude the trial court from reimposing a Class X sentence upon remand. In support of this argument, defendant cites *People v. Hamilton* (1990), 198 Ill. App. 3d 108, 555 N.E.2d 785, a decision of the Second District Appellate Court. However, for the reasons that follow, we find that two decisions of the First District Appellate Court, which are in disagreement with *Hamilton* on this point, are more persuasive. See *People v. Washington* (1990), 195 Ill. App. 3d 520, 552 N.E.2d 1067; *People v. Brooks* (1990), 202 Ill. App. 3d 164, 559 N.E.2d 859.

In *Hamilton,* the court considered the defendant's claim that double jeopardy barred his being resentenced as a Class X offender in light of the decision of the United States Supreme Court in *Bullington v. Missouri* (1981), 451 U.S. 430, 68 L. Ed. 2d 270, 101 S. Ct. 1852. In *Bullington,* the Court held that the double jeopardy clause of the fifth amendment to the United States Constitution bars the State from seeking the death penalty against the defendant on retrial where, in a death sentencing procedure that resembles a trial on the issue of guilt or innocence, the jury decides against the death sentence after the original conviction. (*Bullington,* 451 U.S. at 446, 68 L. Ed. 2d at 284, 101 S. Ct. at 1862.) The issue in *Hamilton* was whether the double jeopardy clause applies to a sentencing proceeding in which the State may prove certain facts that will cause a defendant's possible sentence range to be elevated beyond the range normally applicable for the crime of which he stands convicted. (*Hamilton,* 198 Ill. App. 3d at 112, 555 N.E.2d at 787.) The court concluded that the double jeopardy clause did apply to the sentencing procedures which caused Hamilton to be sentenced as a Class X offender because "unlike the normal sentencing proceeding where the majority of facts considered are nonadversarial in nature, the State was required to prove certain facts beyond a reasonable doubt." (*Hamilton,*

198 Ill. App. 3d at 112, 555 N.E.2d at 787.) While conceding that section 5—5—3(c)(8) of the Unified Code imposes upon the State no burden of proving the prior convictions in question, the *Hamilton* court cited *People v. Harris* (1987), 157 Ill. App. 3d 70, 74, 510 N.E.2d 107, 111, for the proposition that the State had to prove the prior convictions beyond a reasonable doubt. *Hamilton*, 198 Ill. App. 3d at 113, 555 N.E.2d at 787.

*Hamilton* and *Harris* are not the only cases which hold that the State must prove beyond a reasonable doubt the eligibility of a defendant to be sentenced under section 5—5—3(c)(8) of the Unified Code. The most recent case so holding is *Brooks*, which cites as support for this proposition *Hamilton, Harris*, and *People v. Pietruszynski* (1989), 189 Ill. App. 3d 1071, 1079, 545 N.E.2d 942, 948. (*Brooks*, 202 Ill. App. 3d at 177, 559 N.E.2d at 867.) We will analyze the support these cases claim for this holding.

In *Harris*, the First District Appellate Court, when analyzing the same statutory provision at issue in the present case (although it was then Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3(c)(7)), wrote the following:

"The prior convictions used to enhance the sentencing provisions under the Code must be proved beyond a reasonable doubt. (*People v. Casey* (1948), 399 Ill. 374, 77 N.E.2d 812; *People v. Mason* (1983), 119 Ill. App. 3d 516, 456 N.E.2d 864.)" *Harris*, 157 Ill. App. 3d at 74, 510 N.E.2d at 111.

In *People v. Mason* (1983), 119 Ill. App. 3d 516, 456 N.E.2d 864, the Third District Appellate Court was dealing with a defendant who was convicted of armed robbery and sentenced to life imprisonment as a habitual criminal under section 33B—1 of the Criminal Code of 1961 (Criminal Code) (Ill. Rev. Stat. 1981, ch. 38, par. 33B—1). Citing *People v. Casey* (1948), 399 Ill. 374, 77 N.E.2d 812, and *People v. Stewart* (1961), 23 Ill. 2d 161, 177 N.E.2d 237, the court in *Mason* concluded that the State had to prove beyond a reasonable doubt a defendant's prior convictions which, under the habitual criminal statute, required the court to impose a life sentence. *Mason*, 119 Ill. App. 3d at 522, 456 N.E.2d at 867-68.

In *Stewart*, the supreme court considered the appeal of a defendant who was convicted of burglary and sentenced to the penitentiary for life as a habitual criminal under the habitual criminal statute, which then read as follows:

"§1. Whenever any person who has been convicted of burglary *** shall thereafter be convicted of any of such crimes, committed after the first conviction, the punishment shall be

imprisonment in the penitentiary for the full term provided by law for such crimes at the time of the last conviction therefor; and whenever any such person, having been so convicted the second time, as above provided, shall be again convicted of any of said crimes, committed after said second conviction, the punishment shall be imprisonment in the penitentiary for a period not less than fifteen (15) years: provided that such former conviction, or convictions, and judgment or judgments shall be set forth in apt words in the indictment. ***

§2. On any trial for any of said offenses, a duly authenticated copy of the record of a former conviction and judgment of any court of record, for either of said crimes against the party indicted, shall be prima facie evidence of such former conviction, and may be used in evidence against such party." (Ill. Rev. Stat. 1955, ch. 38, pars. 602, 603.)

The supreme court reversed Stewart's conviction because the court concluded the evidence was not sufficient to identify Stewart as the person whose record of conviction was introduced into evidence to prove Stewart's eligibility to be sentenced under the habitual criminal statute. (*Stewart*, 23 Ill. 2d at 163-64, 177 N.E.2d at 238-39.) In so holding, the court cited approvingly its earlier decision in *Casey* as standing for the proposition that the State must prove the identity of the person charged with being a habitual criminal. *Stewart*, 23 Ill. 2d at 163-64, 177 N.E.2d at 238-39.

The State argued to the supreme court that if it were to find the evidence insufficient regarding Stewart's identity as a habitual offender, then Stewart's conviction should be permitted to stand with only the sentence vacated and remanded for resentencing. The supreme court rejected this argument and wrote the following:

"In the present case, the jury that found the defendant guilty of burglary and larceny also had before it what purported to be his record of a prior conviction of burglary. In the absence of the habitual criminal charge, the record of the prior conviction would not have been admissible. Upon the authority of the cases cited, we conclude that there must be a new trial." *Stewart*, 23 Ill. 2d at 166, 177 N.E.2d at 240.

In *Casey*, the court was also confronted with an appeal of a defendant who had been found to be a habitual criminal under the same statute (Ill. Rev. Stat. 1947, ch. 38, par. 602) discussed in *Stewart*. (*Casey*, 399 Ill. at 375-76, 77 N.E.2d at 814.) The court in *Casey* also concluded that the State had the burden of proving defendant's identity regarding his alleged prior convictions beyond a reason-

able doubt. *Casey*, 399 Ill. at 380-81, 77 N.E.2d at 816.

The decisions which hold that section 5—5—3(c)(8) of the Unified Code requires the State to prove the applicability of the statute to a particular defendant have misconstrued the cases they cite as supporting that holding. For example, *Stewart* was concerned with the application of the 1955 habitual criminal statute, which made the issue of the defendant's prior convictions a jury question. Likewise, in *Mason*, the court was construing the modern habitual criminal statute (section 33B—1 of the Criminal Code) and its conclusions have nothing to do with section 5—5—3(c)(8) of the Unified Code.

A comparison of sections 33B—1 and 33B—2 of the Criminal Code (Ill. Rev. Stat. 1989, ch. 38, pars. 33B—1, 33B—2) with section 5—5—3(c)(8) of the Unified Code shows that the legislature, when it intends to do so, is perfectly capable of imposing procedural requirements upon the State at a sentencing hearing before a court may impose a sentence not normally available. Section 33B—1 of the Criminal Code reads as follows:

"(a) Every person who has been twice convicted in any state or federal court of an offense that contains the same elements as an offense now classified in Illinois as a Class X felony, criminal sexual assault or first degree murder, and is thereafter convicted of a Class X felony, criminal sexual assault or first degree murder, committed after the 2 prior convictions, shall be adjudged an habitual criminal.

(b) The 2 prior convictions need not have been for the same offense.

(c) Any convictions which result from or are connected with the same transaction, or result from offenses committed at the same time, shall be counted for the purposes of this Section as one conviction.

(d) This Article shall not apply unless each of the following requirements are satisfied:

(1) the third offense was committed after the effective date of this Act;

(2) the third offense was committed within 20 years of the date that judgment was entered on the first conviction, provided, however, that time spent in custody shall not be counted;

(3) the third offense was committed after conviction on the second offense;

(4) the second offense was committed after conviction on the first offense.

(e) Except when the death penalty is imposed, anyone ad-

judged an habitual criminal shall be sentenced to life imprisonment." (Ill. Rev. Stat. 1989, ch. 38, par. 33B—1.)

We note that section 33B—1(a) of the Criminal Code (Ill. Rev. Stat. 1989, ch. 38, par. 33B—1(a)) is very similar to the first sentence of section 5—5—3(c)(8) of the Unified Code. Likewise, section 33B—1(d) of the Criminal Code (Ill. Rev. Stat. 1989, ch. 38, par. 33B—1(d)) is very similar to the second sentence of section 5—5—3(c)(8) of the Unified Code. The difference between these two statutory schemes becomes apparent upon considering section 33B—2 of the Criminal Code, which reads as follows:

"(a) A prior conviction shall not be alleged in the indictment, and no evidence or other disclosure of such conviction shall be presented to the court or the jury during the trial of an offense set forth in Section 33B—1 unless otherwise permitted by the issues properly raised in such trial. After a plea or verdict or finding of guilty and before sentence is imposed, the prosecutor may file with the court a verified written statement signed by the State's Attorney concerning any former conviction of an offense set forth in Section 33B—1 rendered against the defendant. The court shall then cause the defendant to be brought before it; shall inform him of the allegations of the statement so filed, and of his right to a hearing before the court on the issue of such former conviction and of his right to counsel at such hearing; and unless the defendant admits such conviction, the court shall hear and determine such issue, and shall make a written finding thereon. If a sentence has previously been imposed, the court may vacate such sentence and impose a new sentence in accordance with Section 33B—1 of this Act.

(b) A duly authenticated copy of the record of any alleged former conviction of an offense set forth in Section 33B—1 shall be prima facie evidence of such former conviction; and a duly authenticated copy of the record of the defendant's final release or discharge from probation granted, or from sentence and parole supervision (if any) imposed pursuant to such former conviction, shall be prima facie evidence of such release or discharge.

(c) Any claim that a previous conviction offered by the prosecution is not a former conviction of an offense set forth in Section 33B—1 because of the existence of any exceptions described in this Act, is waived unless duly raised at the hearing on such conviction, or unless the prosecution's proof shows the existence of such exceptions described in this Act." Ill. Rev.

Stat. 1989, ch. 38, par. 33B—2.

■ The language contained in section 33B—2 of the Criminal Code demonstrates that the legislature intended to require a special sentencing proceeding before a defendant can be sentenced as a habitual criminal to a mandatory life sentence. The procedures specified in that section are similar to those provided in section 9—1(d) of the Criminal Code for proceedings after the return of a guilty verdict in a first-degree murder case when the State is seeking the death penalty. Ill. Rev. Stat. 1989, ch. 38, par. 9—1(d).

■ Because of the special sentencing procedures set forth by the legislature in section 33B—2 of the Criminal Code, we agree with *Mason* that the State must prove a defendant's prior convictions beyond a reasonable doubt in order for the defendant to be sentenced as a habitual criminal under that section. Conversely, the absence in section 5—5—3(c)(8) of the Unified Code of similar special sentencing procedures leads us to conclude that the State has no burden of proving a defendant's eligibility to be sentenced as a Class X offender under that statute.

Further support for the argument that the legislature intended sections 33B—1 and 33B—2 of the Criminal Code to be treated differently than section 5—5—3(c)(8) of the Unified Code is that all of these statutes were enacted at the same time as part of the same comprehensive revision of Illinois criminal law. That revision occurred in 1977 when legislative proposals of then-Governor James R. Thompson—the "Class X package"—were enacted as Public Act 80—1099, effective Feb. 1, 1978 (1977 Ill. Laws 3264). Clearly, the legislature contemplated different procedures regarding sections 33B—1 and 33B—2 of the Criminal Code and section 5—5—3(c)(8) of the Unified Code when it passed these statutes (with their differing procedural requirements) *as part of the same bill.* Accordingly, we reject any argument that the legislature intended for these statutory provisions to be treated identically.

■ We agree with the holding in *Washington* that the prior convictions of the defendant in the present case for burglary (and the dates upon which those offenses were committed) are facts which "merely enhance[] the penalty for an offense without changing the elements of the offense"; therefore, the State need not plead nor prove these facts at trial or at the sentencing hearing. (*Washington,* 195 Ill. App. 3d at 530, 522 N.E.2d at 1073.) We further agree with the following from *Washington:*

> "To obtain a burglary conviction, the State needed to prove defendant guilty of a knowing entry into a building, without au-

thority and with the intent to commit a felony or theft. (Ill. Rev. Stat. 1985, ch. 38, par. 19—1(a).) To obtain enhanced sentencing for that burglary conviction as a Class X offender pursuant to section 5—5—3(c)(8) of the Unified Code of Corrections, the State needed to prove defendant's prior convictions. The prior convictions were therefore not elements of the substantive offense of burglary but merely matters to be considered for sentence enhancement. Accordingly, there was no requirement that they be pleaded or proven at trial. See *People v. Palmer* (1984), 104 Ill. 2d 340, 348, 472 N.E.2d 795, 799-800.

The double jeopardy clause also would not apply to resentencing because defendant was not placed in jeopardy at the first sentencing proceeding. The bar of double jeopardy precludes a second prosecution for the same crime after an acquittal or a conviction or multiple punishments for the same crime. (*People v. Young* (1983), 116 Ill. App. 3d 984, 989, 452 N.E.2d 718, 721.) Double jeopardy interests only are implicated in a sentencing proceeding if a defendant has been placed in jeopardy at that proceeding. (*People ex rel. Daley v. Strayhorn* (1988), 121 Ill. 2d 470, 477, 521 N.E.2d 864, 867.) That determination involves a consideration of whether the proceeding 'was itself a trial on the issue of punishment.' *Bullington v. Missouri* (1981), 451 U.S. 430, 438, 68 L. Ed. 2d 270, 279, 101 S. Ct. 1852, 1858.

The sentencing proceeding in this case did not amount to a trial on the issue of punishment. It consisted merely of a presentation of the presentence investigation report, arguments by the State and defense counsel and a statement by the defendant. No witnesses were called to testify and there was no formal introduction of evidence. After the arguments and statement, the trial court sentenced defendant. This proceeding clearly lacked the hallmarks of a trial on the punishment (*Bullington*, 451 U.S. at 439, 68 L. Ed. 2d at 279, 101 S. Ct. at 1858), and the double jeopardy clause does not apply." *Washington*, 195 Ill. App. 3d at 530-31, 552 N.E.2d at 1073-74.

In *People v. Powell* (1990), 199 Ill. App. 3d 291, 294, 556 N.E.2d 896, 898, this court discussed information presented at a sentencing hearing as follows:

"[W]e hold that *all* information appearing in a presentence report may be relied upon by the sentencing judge to the extent the judge finds the information probative and reliable." (Emphasis in original.)

■ Thus, in accordance with the views expressed in *Powell* and *Washington*, we hold that the factual basis for a defendant's eligibility to be sentenced as a Class X offender under section 5—5—3(c)(8) of the Unified Code may be presented in any manner that the sentencing court, in its discretion, finds to be reliable and trustworthy. (See *People v. La Pointe* (1981), 88 Ill. 2d 482, 498, 431 N.E.2d 344, 351.) The formal rules of evidence do not restrict this presentation, nor does the State have any burden of proving defendant's eligibility to be sentenced as a Class X offender under section 5—5—3(c)(8) of the Unified Code.

Because we are reversing defendant's sentence and remanding for a new sentencing hearing in accordance with the views expressed herein, we need not address other arguments defendant raises regarding alleged improprieties in the sentence imposed.

Reversed and remanded.

SPITZ and McCULLOUGH, JJ., concur.