THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTONIO LOPEZ, Defendant-Appellant.

First District (5th Division)   No. 1—89—0549

Opinion filed June 21, 1991.

Michael J. Pelletier and Marc Davidson, both of State Appellate Defender's Office, of Chicago, for appellant.

John O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Kenneth T. McCurry, and David S. Meyerson, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNULTY delivered the opinion of the court:

On October 27, 1986, Nan Zhou's apartment at 3415 North Marshfield in Chicago was burglarized. Zhou and his wife had returned home from the bank to find the front door of their apartment open, the dead bolt lying on the floor, and a man running out the back door. Following a police chase, a suspect matching the description given by Zhou was apprehended and later identified as defendant, Anthony Lopez. After a jury trial, Lopez was found guilty of residential burglary, and due to previous felony convictions, sentenced as a Class X offender to a 20-year term of incarceration.

■ On appeal, defendant first contends that a *bona fide* doubt existed as to his fitness and that the trial judge erred by not conducting a fitness hearing. The State maintains that this issue is not applicable, as a fitness hearing was not requested at any time before or after trial or at the sentencing hearing. The trial judge only became aware of defendant's psychological problems when presented with the Treatment Alternatives to Street Crimes (TASC) report at the sentencing hearing. Even though statutory authority provides that a question as to defendant's fitness may be raised at any time, before, during, or after trial (Ill. Rev. Stat. 1987, ch. 38, par. 104—11(a)), defense counsel did not request a fitness hearing after presentation of the TASC report. Nevertheless, because it would be a violation of due process to convict a defendant who was mentally unfit to stand trial (*People v. Murphy* (1978), 72 Ill. 2d

421, 430, 381 N.E.2d 677; *People v. Wilson* (1984), 124 Ill. App. 3d 831, 464 N.E.2d 1158), the trial judge has a duty to order a fitness hearing *sua sponte* once facts are brought to the judge's attention which raise a *bona fide* doubt of the accused's fitness to stand trial or be sentenced. *Murphy*, 72 Ill. 2d 421, 381 N.E.2d 677.

Illinois courts have found that the applicable test of a defendant's fitness for trial consists largely of his ability to understand the nature and purpose of the proceedings against him, and to assist in his own defense. (*People v. Wilson* (1984), 124 Ill. App. 3d 831; *People v. Green* (1983), 116 Ill. App. 3d 815, 452 N.E.2d 767.) A defendant has been found fit to stand trial even though he had a history of mental illness and suicide attempts, as long as he was able to understand the nature of the proceedings and the charges against him. (*People v. Stevens* (1989), 188 Ill. App. 3d 865, 544 N.E.2d 1208.) Where, however, a *bona fide* doubt is raised as to a defendant's fitness to stand trial, the court must order a hearing held. (Ill. Rev. Stat. 1987, ch. 38, par. 104—11(a).) Whether a *bona fide* doubt has been raised is a decision resting largely within the discretion of the trial court. (*People v. Bivins* (1981), 97 Ill. App. 3d 386, 422 N.E.2d 1044.) However, it has been determined that the mere fact that a defendant has suffered some mental disturbance or required psychiatric treatment at some time does not raise a *bona fide* doubt as to his fitness for trial. *Green*, 116 Ill. App. 3d 815, 452 N.E.2d 767.

In the case at bar, the presentence investigation indicated that Mr. Lopez stated that he was at Reed Mental Hospital during 1978-79, and that for three months in 1974 he was at Elgin State Hospital because he had attempted to commit suicide. Mr. Lopez had also suffered a drug overdose in 1981. A TASC psychological report indicated that Mr. Lopez had been kept in the residential treatment unit of the jail, and that his emotional and personality functioning were "characterized by anxiety, depression, impulsivity and angry outbursts." It also noted that Mr. Lopez was basically a "fearful individual who can be irritable and unpredictable in his actions with others, leading to conflict and an inability to function appropriately in interpersonal relations." The report also mentioned Mr. Lopez's recent use of psychotropic medication and reported recent suicide ideation.

Defendant maintains that his past stays at mental hospitals, his prior suicide attempt, his taking of psychotropic medication, a recent refusal to take such medication, and the TASC report which recommended that he receive ongoing psychiatric services would lead to the conclusion at the very least that there was a *bona fide* doubt as to his fitness to be tried and sentenced. This argument misconstrues Illinois law, which as

stated above, does not find mental illness and/or suicide attempts to be determinative of a defendant's fitness to stand trial. Fitness implicates only the accused's ability to be fit for trial; it does not refer to sanity or competence in other areas. *People v. Murphy* (1978), 72 Ill. 2d 421, 381 N.E.2d 677.

Illinois courts have found a *bona fide* doubt as to a defendant's fitness under the following circumstance: when a defendant was unavailable at a sentencing hearing because he had eaten metal and glass (*People v. Harris* (1983), 113 Ill. App. 3d 663, 666, 447 N.E.2d 941, 944); when a defendant repeatedly stated that God was his attorney and the public defender informed the court that he was unable to communicate with the defendant (*People v. Thomas* (1969), 43 Ill. 2d 328, 330, 253 N.E.2d 431); when a defendant thought that a deputy was trying to kill him and he had to be removed from the court howling (*People v. Johnson* (1984), 121 Ill. App. 3d 859, 861, 460 N.E.2d 336, 338); when a defendant was taken into custody the same day he was released from the mental hospital after two judicially ordered commitments and given a cursory psychological exam when requested by the State (*People v. McLain* (1967), 37 Ill. 2d 173, 226 N.E.2d 21); and when a defendant whose fitness and ability to communicate with his counsel depended on medication and such medication was not given prior to the sentencing hearing (*People v. Jackson* (1978), 57 Ill. App. 3d 809, 814, 373 N.E.2d 583, 587). In all of the above circumstances, the defendants were not only mentally disturbed, but also presented the trial court with evidence that they could not understand the nature of the proceedings against them. In this respect they differ from the case at hand, in which there is no indication that Mr. Lopez, though undeniably mentally disturbed, failed to comprehend the charges against him.

■■ Defendant further urges that the trial court was obligated to hold a fitness hearing pursuant to section 104—21(a) of the Illinois Code of Criminal Procedure of 1963, which provides that "[a] defendant who is receiving psychotropic drugs or other medications under medical direction is entitled to a hearing on the issue of his fitness while under medication." (Ill. Rev. Stat. 1987, ch. 38, par. 104—21(a).) The Illinois Appellate Court has construed this statutory provision and found that when a defendant's use of psychotropic medication is made known to the trial judge before he has any real opportunity to assess defendant's fitness, a proper exercise of discretion would indicate that a fitness hearing should be held. However, where the entire trial has proceeded with no *bona fide* indication to the trial judge that the defendant is unfit, no request for a hearing is made, nor is the circumstance of defendant's taking the medication even made known to the trial judge until

after the trial, the exercise of the judge's discretion does not require him to *sua sponte* conduct a fitness hearing. (*People v. Tilson* (1982), 108 Ill. App. 3d 973, 439 N.E.2d 1298; *People v. Balfour* (1986), 148 Ill. App. 3d 215, 498 N.E.2d 547, *appeal denied* (1987), 114 Ill. 2d 548.) (The United States District Court and the Seventh Circuit Court of Appeals also denied *habeas corpus* relief in *Balfour* on due process grounds.) *Balfour v. Haws* (7th Cir. 1989), 892 F.2d 556.

We therefore find, based on the above authority, that the trial judge did not abuse his discretion in conducting a fitness hearing for defendant Lopez.

■ Defendant further contends that he was incorrectly sentenced as a Class X offender as the State did not adequately prove all elements required for enhanced sentencing. The Class X sentence enhancement statute provides as follows:

> "When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted of any Class 2 or greater Class felonies in Illinois, and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender. This paragraph shall not apply unless (1) the first felony was committed after the effective date of this amendatory Act of 1977; and (2) the second felony was committed after conviction on the first; and (3) the third felony was committed after conviction on the second." (Ill. Rev. Stat. 1987, ch. 38, 1005—5—3(c)(8).)

Thus, before a defendant may be sentenced as a Class X offender, it must be established that his first prior felony was committed after the effective date of this act, the second after conviction on the first, and the third after conviction on the second. A failure to establish that sequence requires vacating the sentence and remanding for resentencing. *People v. Washington* (1990), 195 Ill. App. 3d 520, 552 N.E.2d 1067.

■ The only evidence the State produced on defendant's prior convictions was the Chicago police department record showing dates of prior arrests and convictions, as well as certified copies of two of the convictions. Although the State produced no evidence as to the dates of commission of the prior offenses, it argues that the dates of commission may be inferred from the dates of arrest. This argument is supported by the following First District Appellate Court decisions: *People v. Kinzer* (1991), 214 Ill. App. 3d 790; *People v. Kennard* (1990), 204 Ill. App. 3d 641, 561 N.E.2d 1188; *People v. Williams* (1990), 201 Ill. App. 3d 434, 559 N.E.2d 96, *appeal allowed* (1990), 133 Ill. 2d 570; and *People v. Harris* (1987), 157 Ill. App. 3d 70, 510 N.E.2d 107, *appeal denied* (1987), 116 Ill. 2d 567. However, a contrary position has been taken by

the first division in *People v. Pietruszynski* (1989), 189 Ill. App. 3d 1071, 545 N.E.2d 942, *appeal denied* (1990), 129 Ill. 2d 570; the fifth division in *People v. Washington* (1990), 195 Ill. App. 3d 520, 552 N.E.2d 1067, *appeal denied* (1990), 133 Ill. 2d 570; the third division in *People v. Parks* (1988), 168 Ill. App. 3d 978, 523 N.E.2d 130, and the second district in *People v. Hamilton* (1990), 198 Ill. App. 3d 108, 555 N.E.2d 785, *appeal allowed* (1990), 133 Ill. App. 3d 564. In the absence of a decision by the Illinois Supreme Court, we find the reasoning in *Hamilton* and *Washington* persuasive and therefore hold that the State must produce some evidence of the dates of commission of defendant's alleged prior offenses. Consequently, we must remand for resentencing.

■ Defendant further contends that if we remand this cause for resentencing, principles of double jeopardy would preclude him from being retried as a Class X offender. In support of this argument, defendant relies on *Hamilton*. Again, in the absence of a decision by the Illinois Supreme Court, we choose to follow the reasoning in *Washington* and conclude that because the sentencing hearing in the instant action did not bear the hallmarks of a trial on the issue of guilt or innocence, double jeopardy does not attach, and that defendant may be retried as a Class X offender.

■ In line with our finding that the sentencing hearing does not amount to a mini-trial, we also hold that the standard of proof required to show the prior offenses is not beyond a reasonable doubt, and that proof of these offenses may be presented in any manner that the sentencing court, in its discretion, finds to be reliable and trustworthy. See *People v. Shelton* (1991), 208 Ill. App. 3d 1094, 567 N.E.2d 680.

■ Defendant finally argues that the trial judge abused his discretion at sentencing by not considering all the mitigating factors and by specifically considering defendant's psychologial problems as an aggravating factor. Our careful review of the record indicates that the trial judge did not abuse his discretion at sentencing and merely considered the defendant's psychological profile as a framework for his prior criminal convictions.

Because defendant was improperly sentenced as a Class X offender, we remand for a new sentencing hearing.

Remanded.

MURRAY and GORDON, JJ., concur.