THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
HENRY CHANDLER, Defendant-Appellant.

First District (5th Division)   No. 1—90—1115

Opinion filed July 26, 1991.

Randolph N. Stone, Public Defender, of Chicago (Elyse Krug Miller, As-
sistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, David Sta-brawa, and Stephen Ferrucci, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Defendant, Henry Chandler, was convicted of burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—1(a)) and, because he had two prior Class 2 felony convictions, was sentenced to an enhanced term of six years' imprisonment as a Class X offender (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(8)). On appeal, defendant challenges his sentence as a Class X offender. We consider: (1) whether it was improper to sentence defendant as a Class X offender when there was no evidence presented as to when the prior Class 2 felonies were committed; and (2) whether double jeopardy bars the State from seeking a Class X sentence on remand. For the following reasons, we reverse defendant's sentence and remand for resentencing.

After a bench trial, the judge found defendant guilty of committing a burglary that occurred on May 8, 1989. For the sentencing hearing, a presentence investigation report was prepared and listed defendant's prior convictions. That report and defendant's arrest record show he was arrested for burglary on December 16, 1985, convicted of that offense on June 7, 1986, and sentenced to 30 months' probation; arrested for theft on May 21, 1986, convicted of that offense on September 11, 1986, and sentenced to two years' imprisonment; and arrested for robbery on March 21, 1987, convicted of that offense on March 23, 1987, and sentenced to four years' probation.

At the sentencing hearing, the State requested the trial judge to sentence defendant to an enhanced term as a Class X offender because he had two prior Class 2 felony convictions. The State informed the judge that defendant was convicted for the Class 2 felonies of burglary on July 7, 1986, and robbery on March 23, 1987. Defendant did not challenge his eligibility for Class X sentencing but requested the minimum sentence for a Class 2 felony. The judge sentenced defendant as a Class X offender to six years' imprisonment.

Defendant now appeals.

OPINION

■■ ■ Defendant argues that the State failed to prove the required elements for a Class X sentence. The Class X sentencing provision states:

"When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted of any Class 2 or greater Class felonies in Illinois, and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender. This paragraph shall not apply unless (1) the first felony was committed after [February 1, 1978]; and (2) the second felony was committed after conviction on the first; and (3) the third felony was committed after conviction on the second." (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(8).)

On appeal, defendant contends that there was no evidence presented at the sentencing hearing as to when he committed the prior Class 2 felonies and, without those dates, the dates he was convicted of those felonies were insufficient to prove his eligibility as a Class X offender. The State argues that the Class X sentence was proper because the dates the prior felonies were committed can be inferred from the dates of arrest and conviction for those felonies.

Although defendant failed to object to the Class X sentence at the sentencing hearing or in his post-trial motion, the issue was not waived and this court will consider the issue. *People v. Washington* (1990), 195 Ill. App. 3d 520, 552 N.E.2d 1067.

We note that the issues involved in this case are currently pending before our supreme court in five consolidated cases. (*People v. Hamilton* (1990), 198 Ill. App. 3d 108, 555 N.E.2d 785, *appeal denied* (1990), 135 Ill. 2d 561, consolidated with Nos. 70253, 70302, 70538, 70565.) In *Hamilton*, the appellate court found that the dates of defendant's prior arrests and convictions did not establish defendant's eligibility for Class X sentencing. Without proof of the dates that defendant committed the prior felonies, the court held it was error to sentence defendant as a Class X offender. On the other hand, in *People v. Williams* (1990), 201 Ill. App. 3d 434, 559 N.E.2d 96, which is consolidated for review with *Hamilton*, the appellate court reached a different conclusion. The court held that the dates of arrest and conviction for the prior felonies were circumstantial evidence which proved, by inference, that defendant committed the felonies in the sequence required by the Class X statute.

As evidenced by *Hamilton* and *Williams*, there is a conflict within the appellate court as to whether a defendant can be sentenced as a Class X offender when the State only presented the dates of arrest and conviction for the prior felonies but not the dates they were committed. Several cases have reached the same conclusion as *Hamilton* and held that without the dates of commission, the dates of arrest

and conviction were insufficient (*People v. Shelton* (1991), 208 Ill. App. 3d 1094, 567 N.E.2d 680; *People v. Brooks* (1990), 202 Ill. App. 3d 164, 559 N.E.2d 859; *People v. Pietruszynski* (1989), 189 Ill. App. 3d 1071, 545 N.E.2d 942), and others have reached the same conclusion as *Williams* and held that the dates of commission can be inferred from the dates of arrest and conviction (*People v. Kinzer* (1991), 214 Ill. App. 3d 790, 797; *People v. Kennard* (1990), 204 Ill. App. 3d 641, 561 N.E.2d 1188; *People v. Stewart* (1989), 186 Ill. App. 3d 833, 542 N.E.2d 915). This court has previously addressed the issue and stated, in *dicta*, that the dates of commission of the prior felonies cannot be inferred from the dates of arrest and conviction. (*Washington*, 195 Ill. App. 3d 520, 552 N.E.2d 1067; accord *People v. Lopez* (1991), 216 Ill. App. 3d 83, 88.) We will continue to adhere to that position until the issue is resolved otherwise by the supreme court.

In this case, the record shows that defendant was arrested for the first felony on December 16, 1985, and convicted on June 7, 1986, he was arrested for the second felony on March 21, 1987, and convicted on March 23, 1987, and he committed the third felony on May 8, 1989. There was no evidence in the record as to when defendant committed the first or second felony.

The State argues that based on the arrest and conviction dates, this court can infer that the second felony was committed after defendant was convicted of the first felony. This argument is without merit. To be sentenced as a Class X offender, defendant would have had to have committed the second felony between June 7, 1986, the date he was convicted of the first felony, and March 21, 1987, the date he was arrested for the second felony. These dates, spanning only a nine-month period, evidence the possibility that defendant committed the second felony prior to his conviction for the first felony. Therefore, the dates of arrest and conviction do not support an inference that defendant committed the prior felonies in the sequence required for Class X sentencing. As a result, defendant's sentence as a Class X offender must be reversed and remanded for resentencing.

█ █ Defendant also argues that if his sentence is reversed, double jeopardy bars the State from seeking a Class X sentence on remand.

The constitutional prohibition of double jeopardy prevents a prosecution for an offense after an acquittal or conviction of the same offense and prevents multiple punishments for the same offense. (*Washington*, 195 Ill. App. 3d 520, 552 N.E.2d 1067.) Generally, double jeopardy does not apply to a sentencing proceeding unless the pro-

ceeding was " 'a trial on the issue of punishment.' " *People v. Davis* (1986), 112 Ill. 2d 78, 82, 491 N.E.2d 1163, 1165, quoting *Bullington v. Missouri* (1981), 451 U.S. 430, 438, 68 L. Ed. 2d 270, 279, 101 S. Ct. 1852, 1858.

This issue is pending before the supreme court in *Hamilton*, where the appellate court held that double jeopardy barred the State from seeking a Class X sentence on remand. (*Hamilton*, 198 Ill. App. 3d 108, 555 N.E.2d 785, *appeal denied* (1990), 135 Ill. 2d 561.) However, other appellate court cases have reached the opposite conclusion. (*Lopez*, 216 Ill. App. 3d at 88; *Shelton*, 208 Ill. App. 3d 1094, 567 N.E.2d 680; *Brooks*, 202 Ill. App. 3d 164, 559 N.E.2d 859; *Washington*, 195 Ill. App. 3d 520, 552 N.E.2d 1067.) In *Washington*, this court held that double jeopardy did not apply to resentencing a defendant to another Class X sentence because the sentencing hearing was not a trial on the issue of punishment. We will follow our holding in *Washington* until the supreme court decides otherwise. Therefore, in this case, double jeopardy does not prevent the State from seeking a Class X sentence on remand.

Reversed and remanded for resentencing.

MURRAY and GORDON, JJ., concur.